258 So.2d 485 (1972)
Virgilio QUINONES, Petitioner,
v.
CORAL ROCK, INC., a Delaware Corporation, Individually and As Owner of the Vessels Lobster Farms III, Lobster Farms IV, Coral Rock I, and Coral Rock II; Lobster Farms, Inc., a Delaware Corporation, Individually and As Owner of the Vessels, Lobster Farms I and Lobster Farms II, Respondents.
No. 71-1429.
District Court of Appeal of Florida, Third District.
February 29, 1972.
Rehearing Denied March 22, 1972.
*486 Colson & Hicks, Podhurst, Orseck & Parks, Miami, for petitioner.
Smathers & Thompson and John H. Schulte, Miami, for respondents.
Before SWANN, C.J., and CHARLES CARROLL and HENDRY, JJ.
HENDRY, Judge.
Petitioner, Virgilio Quinones, seeks a writ of common law certiorari under rule 4.5, Florida Appellate Rules, 32 F.S.A., to review a circuit court order recorded November 30, 1971 from which a petition for rehearing was denied. The order appealed denied leave to petitioner, plaintiff below, to file a fourth amended complaint adding Fireman's Insurance Company as a defendant.
Petitioner filed suit for maritime personal injuries. The original defendants were the owners of the vessels involved, which were insured under a "Protection and Indemnity" maritime insurance policy.
The court below impliedly held that the policy, by its terms, only became applicable after defendant Coral Rock, Inc. paid an adverse judgment, so that the insurance company was not a real party in interest. The petition alleges and we agree that the decision below conflicts with DaCosta v. General Guaranty Insurance Company, Fla. 1969, 226 So.2d 104 and the insurance joinder cases of Shingleton v. Bussey, Fla. 1969, 223 So.2d 713, Beta Eta House Corporation, Inc. of Tallahassee v. Gregory, Fla. 1970, 237 So.2d 163, and Stecher v. Pomeroy, Fla. 1971, 253 So.2d 421, thereby departing from the essential requirements of law for which appellate review can not otherwise be secured.
The DaCosta case, supra, held that virtually identical policy language rendered the policy to be one of indemnity against liability rather than indemnity against loss actually paid. Therefore, under the insurance joinder cases, supra, the lower court departed from the essential requirements of law in failing to allow joinder of the maritime insuror.
Therefore, we grant the writ and quash the order appealed with directions to allow joinder.