467 So.2d 1095 (1985)
Bobby OSBORNE, Appellant/Cross Appellee,
v.
ELIZABETH MASSEY INVESTMENT CORPORATION, Tracor Marine, Inc., Yellow Tail Marine, Inc., William R. Riley, Phoenix Assurance Co., Ltd., et al., Appellees/Cross Appellants.
No. 83-1922.
District Court of Appeal of Florida, Fourth District.
May 1, 1985.
*1096 Marilyn P. Liroff of Weaver, Weaver & Lardin, P.A., Fort Lauderdale, for appellant/cross appellee.
Steven E. Goldman of Standard, Weisberg, Heckerling & Rosow, P.C., Coral Gables, for appellee/cross appellant, Phoenix Assur. Co., Ltd.
Hayden and Milliken, P.A., Miami, for appellees/cross appellants, Elizabeth Massey Inv. Corp., Yellow Tail Marine, Inc., and William R. Riley.
BARKETT, Judge.
The trial court granted summary judgment in favor of appellee Phoenix Assurance Company, Ltd. ("Phoenix"), on the grounds that direct joinder of a marine insurer is not permitted under Florida law. We reverse.
The underlying cause of action in this case accrued July 7, 1979. Although section 627.7262, Florida Statutes (1983) ("Nonjoinder of insurers") at the present time would prohibit the direct joinder of an insurer, the statute, which was made effective October 1, 1982, does not apply retroactively. VanBibber v. Hartford Accident & Indemnity Insurance Co., 439 So.2d 880, 881 (Fla. 1983). Accordingly, this case is controlled by the law in effect at the time the cause of action arose. Id. at 883. That law is the common law rule of Shingleton v. Bussey, 223 So.2d 713 (Fla. 1969), which permitted a direct cause of action by a third-party beneficiary against an insurer.
Phoenix argues, however, that the rule of Shingleton v. Bussey was addressed to motor vehicle liability cases and should not be applied to a marine insurer. We can see absolutely no reason to differentiate between the two for purposes of this issue. We agree with Quinones v. Coral Rock, Inc., 258 So.2d 485 (Fla. 3d DCA 1972), wherein the court expressly held that under Shingleton v. Bussey a marine insurer could be joined as a defendant by a plaintiff alleging maritime personal injury. See Steelmet, Inc. v. Caribe Towing Corp., 747 F.2d 689, 696 (11th Cir.1984). See also Sassoni v. Savoie, 327 F. Supp. 474 (E.D. La. 1971) (Louisiana statute allowing joinder of insurance companies applies to marine insurance policies).
Moreover, in Beta Eta House Corporation, Inc. of Tallahassee v. Gregory, 237 So.2d 163 (Fla. 1970), the court applied the Shingleton v. Bussey rule to a homeowner's liability insurance case and answered a certified question by saying: "The principles announced in Shingleton v. Bussey ... are applicable not only to automobile liability insurance but also to other forms of liability insurance... ." Id. at 165.
Accordingly, we reverse the summary judgment of the trial court and remand the cause for further proceedings consistent herewith.
REVERSED AND REMANDED.
HURLEY and WALDEN, JJ., concur.