NATIONAL CORPORACION
VENEZOLANA, S.A.,
Plaintiff-Appellant,

v.

M/V MANAURE V, etc., et
al., Defendants,

Seguros Orinoco, C.A. and the Steamship
Mutual Underwriting Association (Bermuda) Ltd., Defendants-Appellees.

No. 84–3780.

United States Court of Appeals,
Eleventh Circuit.

June 9, 1986.

As Amended July 16, 1986.

Robert A. Craven, John B. Culp, Jr., Jacksonville, Fla., for plaintiff-appellant.

Carl R. Nelson, Dewey R. Villareal, Jr., Fowler, White, Gillen, Boggs, Villareal & Banker, Tampa, Fla., for defendants-appellees.

U.S. 379, 67 S.Ct. 332, 91 L.Ed. 559 (1946); *McElroy v. United States,* 455 U.S. 642, 102 S.Ct.

Before GODBOLD, Chief Judge, TJOFLAT, Circuit Judge, and TUTTLE, Senior Circuit Judge.

GODBOLD, Chief Judge:

A holder of a bill of lading brought this suit in rem against a vessel and in personam against her owner and the carrier of the vessel's liability insurance. The district court granted the defendant marine insurers' motions to dismiss. The dismissal was granted on the ground that plaintiff could not maintain a direct action against marine insurers.

By our order on petition for rehearing in *Steelmet v. Caribe Towing Corp.,* 779 F.2d 1485 (11th Cir.1986) we held that for causes of action arising before October 1, 1982 the law of Florida permits a direct action against a marine insurer. The date, October 1, 1982, was significant because it was the effective date of Fla.Stat.Ann. § 627.-7262 (West 1984), which eliminated the direct action that had been available under the doctrine of *Shingleton v. Bussey,* 223 So.2d 713 (Fla.1969). We applied the holding in *Steelmet,* which was a suit on a marine "Protection and Indemnity" policy, to suits on marine cargo insurance in *Royal Ins. Co. of America, Inc. v. M/V Manaure V,* 790 F.2d 77 (11th Cir.1986).

The amended complaint in this case alleges a cause of action that arose on or about February 17, 1983, when the shipment at issue was delivered, so that this case is not controlled by *Steelmet.* Whether the cause of action can be maintained is an issue of Florida law that is determinative of this appeal.

In *Steelmet,* 779 F.2d at 1491, we noted, but did not address, the contention that § 627.7262 does not embrace marine insurers. *Compare* Fla.Stat.Ann. § 627.-021(2)(c) ("This chapter does not apply to ... [i]nsurance of vessels or craft [or] their cargos ...") *with Osborne v. Elizabeth*

1332, 71 L.Ed.2d 522 (1982).

*Massey Investment Corp.,* 467 So.2d 1095, 1096 (Fla.App. 4th Dist.1985).

TO THE SUPREME COURT OF FLORIDA:

Does Florida law recognize a right of direct action against a marine liability insurer in a cargo damage action accruing after October 1, 1982?