511 So.2d 968 (1987)
NATIONAL CORPORACION VENEZOLANA, S.A., Plaintiff/Appellant,
v.
M/V MANAURE V, Etc., et al., Defendants/Appellees.
No. 68899.
Supreme Court of Florida.
July 9, 1987.
Rehearing Denied September 25, 1987.
*969 John B. Culp, Jr., of Culp, Sullivan & Craven, P.A., Jacksonville, for plaintiff/appellant.
Dewey R. Villareal, Jr. and Carl R. Nelson, of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for defendants/appellees.
PER CURIAM.
National Corporacion Venezolana brought a federal admiralty suit for damages against the ship M/V Manaure V, its owner and underwriters for damages to goods delivered in February 1983. The district court granted the marine insurer's motion to dismiss. The United States Court of Appeals for the Eleventh Circuit noted on review that generally maritime law prohibits a direct action against a marine insurer, and that section 627.7262, Florida Statutes (1983), eliminated the direct action available to a third party against an insurer under Shingleton v. Bussey, 223 So.2d 713 (Fla. 1969). National Corporacion Venezolana, S.A. v. M/V Manaure V, 791 F.2d 137 (11th Cir.1986). However, in light of the marine insurance exclusion found in section 627.021(2), Florida Statutes (1983), the court certified the following question as being determinative of the cause:
Does Florida law recognize a right of direct action against a marine liability insurer in a cargo damage action accruing after October 1, 1982?
National Corporacion Venezolana, 791 F.2d at 138. We have jurisdiction, article V, section 3(b)(6), Florida Constitution, and answer the question in the negative.
Section 627.7262, effective October 1, 1982, reads in pertinent part:
(1) It shall be a condition precedent to the accrual or maintenance of a cause of action against a liability insurer by a person not an insured under the terms of the liability insurance contract that such person shall first obtain a judgment against a person who is an insured under the terms of such policy for a cause of action which is covered by such policy.
(2) No person who is not an insured under the terms of a liability insurance policy shall have any interest in such policy, either as a third-party beneficiary or otherwise, prior to first obtaining a judgment against a person who is an insured under the terms of such policy for a cause of action which is covered by such policy.
This Court upheld the constitutionality of section 627.7262 in VanBibber v. Hartford Accident & Indemnity Insurance Co., 439 So.2d 880 (Fla. 1983), and found that
by enacting this statute, the legislature sought to modify the third-party beneficiary concept adopted by this Court in Shingleton v. Bussey, 223 So.2d 713 (Fla. 1969), to provide that an injured party has no beneficial interest in a liability policy until that person has first obtained a judgment against an insured. The statute transfers the accrual of a beneficial interest from the date of occurrence until the time an action brought on a tort has matured to a judgment. The statute is quite clear that no cause of action against an insurance company shall accrue until a judgment against an insured is obtained.
Id. at 882.
National Corporacion Venezolana argues that section 627.021 unambiguously excludes marine insurance from chapter 627 and thus from section 627.7262. Section 627.021 reads in part:
Scope of this part. 
(1) This part of this chapter applies only to property, casualty, and surety insurances on subjects of insurance resident, located, or to be performed in this state.
(2) This chapter does not apply to:
... .

*970 (c) Insurance of vessels or craft, their cargoes, marine builders' risks, marine protection and indemnity, or other risks commonly insured under marine, as distinguished from inland marine, insurance policies.
(3) For the purposes of this chapter, all motor vehicle insurance shall be deemed to be casualty insurance only.
(4) This part does not apply to health insurance.
"`[I]f ... from a view of the whole law, or from other laws in pari materia, the evident [legislative] intention is different from the literal import of the terms employed to express it in a particular part of the law, the intention should prevail, for that in fact, is the will of the Legislature.'" Van Pelt v. Hilliard, 75 Fla. 792, 804, 78 So. 693, 696 (1918), quoting Curry v. Lehman, 55 Fla. 847, 854, 47 So. 18, 20 (1908). Reading section 627.021 in pari materia with the remainder of chapter 627 indicates that the legislature did not intend to exclude marine insurance from all parts of chapter 627.
Chapter 627, entitled "Insurance Rates and Contracts," is one of nine chapters which make up the Florida Insurance Code. Chapter 627 is divided at this time into eighteen parts. The marine insurance exclusion of section 627.021 is located in part I, entitled "Rates and Rating Organizations." Section 627.7262, the nonjoinder statute, is located in part XI, entitled "Motor Vehicle and Casualty Insurance Contracts." Two sections expressly dealing with marine insurance, sections 627.409 and 627.420, are located in part II, entitled "The Insurance Contract." The presence of these latter two sections in chapter 627 thus indicates that the legislature did not intend to extend section 627.021's exclusion to all parts of chapter 627. A look at the legislative histories of the Florida Insurance Code and section 627.021 is instructive.
The Code, as originally enacted under chapter 59-205, Laws of Florida, was divided into thirty-three chapters and numerous sections. Prior to publication of the enrolled act in the Florida Statutes (1959), the Statutory Revision Department[*] redivided the Code into nine chapters numbered 624 through 632. The original thirty-three chapters were redesignated as parts and their sections were renumbered. Chapter 16, "Rates and Rating Organizations," was redesignated as part I of chapter 627. The Department made certain editorial changes to bring the language of the Code into conformity with the redesignated chapters. With that background in mind, it is clear from a comparison of the language of sections 627.011 and 627.021, Florida Statutes (1959), as enacted and as edited by the department for publication, that the marine insurance exclusion was intended to apply only to part I, "Rates and Rating Organizations."
When enrolled, sections 627.011 and 627.021, originally numbered sections 412 and 413, read in pertinent part as follows:
CHAPTER 16
RATES AND RATING ORGANIZATIONS
... .
Section 412. Short title.  This chapter may be referred to as "the rating law."
Section 413. Scope of chapter.  (1) This chapter applies only to property, casualty and surety insurances ... of subjects of insurance resident, located or to be performed in this state, except as provided in subsection (2) below.
(2) This chapter does not apply to:
... .
(d) Insurance of vessels or craft, their cargoes, marine builders' risks, marine protection and indemnity, or other risks commonly insured under marine, as distinguished from inland marine, insurance policies.
(3) For the purposes of this chapter all motor vehicle insurance shall be deemed to be casualty insurance only.
*971 Ch. 59-205, Laws of Florida (emphasis added).
Sections 627.011 and 627.021, as edited and published by the Statutory Revision Department, read in pertinent part:
PART I
RATES AND RATING ORGANIZATIONS
... .
627.011 Short title.  Part I of this chapter may be referred to as "the rating law."
627.021 Scope of part I. 
(1) Part I of this chapter applies only to property, casualty, and surety insurances ... of subjects of insurance resident, located or to be performed in this state, except as provided in subsection (2).
(2) This chapter does not apply to:
... .
(d) Insurance of vessels or craft, their cargoes, marine builders' risks, marine protection and indemnity, or other risks commonly insured under marine, as distinguished from inland marine, insurance policies.
(3) For the purposes of this chapter, all motor vehicle insurance shall be deemed to be casualty insurance only.
(Additions underscored).
It is clear from the language of section 627.021 as enrolled that the word "chapter" refers only to "Rates and Rating Organizations" rather than to chapter 627 in toto. Indeed, since chapter 627 was not so designated until edited by the Statutory Revision Department, "chapter" as originally employed in the rating law could not have referred to chapter 627. This analysis of section 627.021's legislative history, coupled with the presence within chapter 627 of other sections expressly dealing with marine insurance, leads us to the conclusion that the marine insurance exclusion is limited to part I of chapter 627. Accordingly, the exclusion is not a limitation upon the nonjoinder provision of section 627.7262, located in part XI of chapter 627.
Having answered the questions certified by the United States Circuit Court of Appeals for the Eleventh Circuit, we remand for its disposition of this matter.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW and BARKETT, JJ., and ADKINS, J. (Ret.), concur.
NOTES
[*] Now referred to as the Statutory Revision Division of the Joint Legislative Management Committee.