NATIONAL CORPORACION
VENEZOLANA, S.A.,
Plaintiff-Appellant,

v.

M/V MANAURE V, etc., et al., Defendants,

Seguros Orinoco, C.A. and the Steamship Mutual Underwriting Association (Bermuda) Ltd., Defendants-Appellees.

No. 84–3780.

United States Court of Appeals,
Eleventh Circuit.

Aug. 31, 1987.

Robert A. Craven, John B. Culp, Jr., Jacksonville, Fla., for plaintiff-appellant.

Carl R. Nelson, Dewey R. Villareal, Jr., Fowler, White, Cillen, Boggs, Villareal &

Banker, Tampa, Fla., for defendants-appellees.

Before GODBOLD, and TJOFLAT, Circuit Judges, and TUTTLE, Senior Circuit Judge.

PER CURIAM:

The question presented in this appeal is whether under Florida law a third party can maintain a direct action against a marine liability insurer in a cargo damage action accruing after October 1, 1982. The district court granted the defendant marine insurer's motion to dismiss, holding that a third party could not maintain a direct action against a marine liability insurer. Fla. Stat.Ann. § 627.7262 prohibits the direct actions by third parties against liability insurers that had been available under the doctrine of *Shingleton v. Bussey*, 223 So.2d 713 (Fla.1969). Although Florida law clearly would permit a direct action against a marine liability insurer which accrued before October 1, 1982, the effective date of Fla.Stat. § 627.7262, the law was unsettled as to whether a marine liability insurer is exempt from the statute and thus open to a direct action by a third party which accrued after October 1, 1982. *See Steelmet v. Caribe Towing Corp.*, 779 F.2d 1485 (11th Cir.1986). We therefore certified this question to the Florida Supreme Court. *National Corporacion Venezolana, S.A. v. M/V Manaure V*, 791 F.2d 137, 137–38 (11th Cir.1986). The Florida Supreme Court answered our certified question in the negative, holding that marine liability insurers are not exempt from the Florida statute.[1] The district court therefore properly dismissed this action against the defendant marine insurers.

AFFIRMED.

---

1. The Florida Supreme Court response is reported at 511 So.2d 968.