516 So.2d 1022 (1987)
STATE FARM FIRE AND CASUALTY COMPANY, Petitioner,
v.
H. Clark NAIL, et al., Respondents.
No. 87-1432.
District Court of Appeal of Florida, Fifth District.
December 3, 1987.
Terrence E. Kehoe of Haas, Boehm, Brown, Rigdon, Seacrest & Fischer, P.A., Orlando, for petitioner.
John N. Hamilton of Nance, Cacciatore & Sisserson, Melbourne, for respondents Slattery.
Douglas L. Cheshire, Melbourne, for respondent Nail.
COBB, Judge.
Respondents Paul and Julie Slattery filed an action against petitioner, State Farm Fire and Casualty Company, and against respondent H. Clark Nail, alleging that Nail had negligently and carelessly caused physical contact with Paul Slattery at an altercation following a football game. State Farm moved to dismiss the complaint against it pursuant to the nonjoinder statute, section 627.7262, Florida Statutes (1985), and the motion was granted by the trial court.
Some two weeks after the Slattery action was filed, State Farm filed a declaratory judgment action against Nail, seeking a determination of its rights and obligations under Nail's homeowner's policy in regard to the Slattery claim. Shortly after dismissal of State Farm from the negligence action, the Slatterys filed a motion to consolidate the negligence action and the declaratory judgment action. A hearing was held on this motion and the trial court entered an order consolidating the two cases for purposes of discovery and trial. Consequently, State Farm has petitioned this court for a writ of certiorari, contending that the trial court's order departs from the essential requirements of law.
State Farm argues that joinder of the two causes violates the nonjoinder policy enunciated in section 627.7262, the constitutionality of which was upheld in VanBibber v. Hartford Accident and Indemnity Insurance Company, 439 So.2d 880 (Fla. 1983).[1] That statute reflects the public policy that an injured person has no beneficial interest in a liability policy prior to obtaining a judgment against an insured under that policy. The legislative intent underlying the statute was that insurance coverage should have no bearing on juror determination of the issues of liability and damages.
State Farm contends the Slatterys lacked standing to file a consolidation motion, since they cannot be third-party beneficiaries *1023 of the State Farm policy unless and until they obtain a judgment against Nail. See Continental Casualty Company v. Marx, 480 So.2d 177, 178 (Fla. 3d DCA 1985), review dismissed, 484 So.2d 9 (Fla. 1986); Home Insurance Company of Illinois v. Sentry Insurance A Mutual Company, 461 So.2d 1038 (Fla. 4th DCA 1985). Moreover, State Farm states that the issues and parties in the two suits are not common. State Farm is no longer a party in the action filed by the Slatterys, and the Slatterys are not parties to State Farm's action for declaratory judgment against Nail. Only Nail is a common party to each action. The issues in the former action "are whether Mr. Nail negligently caused physical contact with Mr. Slattery, whether such negligence caused Mr. Slattery's injuries, and whether the Slatterys are entitled to any damages." None of those issues is presented by State Farm's declaratory judgment action, which deals with construction of a homeowner's policy to determine coverage. In conclusion, State Farm asserts that the Slattery argument based upon judicial economy simply cannot override the strict prohibition against joinder found in section 627.7262 and the case law construing it.
In response to the petition, Nail and the Slatterys argue that judicial economy supports consolidation because of "the very real possibility of inconsistent verdicts" at the trial level. Although not explicated in the response, presumably the argument is that the jury in the first action could find that Nail negligently injured Slattery, while the trial judge in the declaratory action could find that Nail's conduct was intentional, and these findings would lead to disparate results on the issue of coverage.
The respondents assert:
State Farm made a decision to file an independent action for declaratory judgment in this case which exposed them to the possibility of a subsequent consolidation. State Farm had the option of simply defending the case against (Nail) under a reservation of rights, but instead opted to affirmatively proceed in filing a separate complaint against their insured.
Thus, the respondents contend that State Farm "affirmatively exposed itself to a consolidation."
In reply, State Farm argues that it cannot be held to have assumed the risk of consolidation by filing its independent action for declaratory relief because it was entitled to rely upon the public policy inherent in section 627.7262 to insulate it from being a party to the Slattery suit, whether by joinder or consolidation.
Clearly, the concerns that were the basis for the trial court's determination to grant joinder in this case are not unique, and could occur in any similar situation in which there is a dispute regarding insurance coverage. The legislature, in enacting the nonjoinder statute, has apparently found that those concerns do not overcome the danger that jurors may be influenced if they know the defendant has liability insurance coverage. See The Florida Bar In Re Rules of Civil Procedure, 429 So.2d 311, 313-14 (Fla. 1983) (Alderman, C.J., concurring specially). In the instant case, the respondents are attempting to avoid the application of the nonjoinder statute by their motion for consolidation, and, by allowing them to do so, the trial judge has departed from the clear legislative mandate that insurers shall not be parties to negligence actions, nor shall the injured be entitled to discovery against the insurer, until such time as the injured person has obtained a judgment against the insured. If consolidation orders such as that entered below were upheld, then declaratory judgment actions clarifying the rights of the respective parties would be strongly discouraged. Moreover, the argument that State Farm should extend a defense under a reservation of rights, instead of resolving the coverage issue in a separate declaratory judgment action in advance, ignores the fact that providing a defense where there is no legal obligation to do so constitutes an irreparable injury in and of itself.
Accordingly, we grant certiorari and quash the order of consolidation.
*1024 CERTIORARI GRANTED; ORDER QUASHED.
DAUKSCH and SHARP, JJ., concur.
NOTES
[1] See also National Corporation Venezolana, S.A. v. M/V Manaure V, 511 So.2d 968 (Fla. 1987).