613 So.2d 1369 (1993)
Nathaniel W. TINDALL, II, Appellant,
v.
The TRAVELERS INDEMNITY COMPANY, Appellee.
No. 92-01223.
District Court of Appeal of Florida, Second District.
February 17, 1993.
*1370 Nathaniel W. Tindall, II, pro se.
Bradley J. Goewert and Timon V. Sullivan of Gunn, Ogden & Sullivan, P.A., Tampa, for appellee.
PATTERSON, Judge.
Tindall appeals the dismissal of his third-party action against The Travelers Indemnity Company (Travelers). Tindall contends that the nonjoinder of insurers statute, section 627.7262, Florida Statutes (1987), is inapplicable under the present circumstances and does not bar his third-party action. We agree and reverse.
Plaintiff John Grant, Jr. filed a complaint alleging that Tindall defamed him in the course of legal proceedings and maliciously prosecuted a federal lawsuit based upon the same transactions. Tindall sought leave of court to add third-party defendants to the lawsuit. The trial court granted the motion and an action in impleader was filed against Travelers, American States Insurance Company, and Albany Insurance Company. In the third-party complaint, Tindall alleged that the third-party defendants provided insurance coverage to him at various times during the periods relevant to this lawsuit and that ultimately they may be liable to him for any judgment rendered in favor of Grant. On Travelers' motion, the trial court dismissed the third-party action against Travelers, relying on State Farm Fire & Casualty Co. v. Nail, 516 So.2d 1022 (Fla. 5th DCA 1987).
To properly plead a third-party cause of action, the third-party complaint must allege a claim for indemnification, subrogation or contribution against the third-party defendant. Leggiere v. Merrill Lynch Realty/Fla. Inc., 544 So.2d 240, 241 (Fla. 2d DCA 1989). An insurance contract is in the nature of a contract for indemnification. Under the similar third-party practice in federal courts, impleader of an insurance company which denied coverage is permissible. See Skevolfilax v. Quigley, 810 F.2d 378, 386 n. 6 (3d Cir.), cert. denied sub nom, Township of Edison, N.J. v. Skevolfilax, 481 U.S. 1029, 107 S.Ct. 1956, 95 L.Ed.2d 528 (1987).
State Farm Fire & Casualty Co. v. Nail, 516 So.2d 1022 (Fla. 5th DCA 1987), and the nonjoinder of insurers statute, section 627.7262, Florida Statutes (1987), are inapplicable to this case. Nail and section 627.7262 prevent a person who is not an insured from making a liability insurer a party defendant before obtaining a judgment against the insured. Here, the insured, not the injured party, impleaded Travelers as a third-party defendant. Travelers argues that insurance coverage should have no bearing on the issue of liability and damages in the tort action. If Travelers is prejudiced, the trial court can sever the third-party action for trial.
We reverse the dismissal of the third-party action and remand for Travelers to be reinstated as an impleaded party.
RYDER, A.C.J., and CAMPBELL, J., concur.