636 So.2d 593 (1994)
MERCHANTS and BUSINESSMEN'S MUTUAL INSURANCE COMPANY, Petitioner,
v.
Kenneth BENNIS and Micheline Bennis, his wife, Willis Carl and Santa Carl, his wife, and Richy C. Bramos and Tina Bramos, his wife, State Chemical Manufacturing Co., an Ohio corporation, Canterbury House Apartments, a limited partnership, and Professional Properties Incorporated, a Florida corporation, Respondents.
No. 93-3374.
District Court of Appeal of Florida, Fourth District.
May 18, 1994.
*594 Hinda Klein of Conroy Simberg and Lewis, P.A., Hollywood, for petitioner.
Lawrence P. Kuvin of Weaver, Kuvin, Weaver & Lipton, P.A., Fort Lauderdale, for respondents-Kenneth Bennis, Micheline Bennis, Willis Carl, Santa Carl, Richy C. Bramos and Tina Bramos.
Lee C. Schmachtenberg, Miami, for respondent-Canterbury House Apartments and Professional Properties, Incorporated.
PER CURIAM.
Bennis, Carl and Bramos are firefighters who claim to have been injured by inhaling noxious chemicals after responding to a fire alert. They filed a personal injury action against those allegedly responsible: State Chemical Manufacturing Co., Canterbury House Apartments and Professional Properties, Inc. Canterbury and Professional demanded coverage under an insurance policy issued by Merchants and Businessmen's Mutual Insurance Co. Merchants denied coverage based upon a pollution exclusion endorsement. The insureds filed a third-party complaint against Merchants for a declaratory judgment as to coverage. The insurer moved to sever, relying upon the non-joinder statute, section 627.4136, Florida Statutes (1993). Denial of severance resulted in the instant petition.
Nonfinal orders for which no appeal is provided under rule 9.130, Florida Rules of Appellate Procedure, such as the challenged order in the instant case, are reviewable by certiorari only in very limited circumstances. Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla. 1987). To qualify for intervention by an appellate court, it must be shown that the order departs from the essential requirements of law, causing material harm to the petitioner throughout the remainder of the proceedings below, leaving the petitioner with no adequate remedy on appeal. Id.
Petitioner initially relies upon the "non-joinder" statute and State Farm Fire and Casualty Co. v. Nail, 516 So.2d 1022 (Fla. 5th DCA 1987), as grounds for entitlement to certiorari relief, and alternatively argues that the ruling is an abuse of discretion.
Section 627.4136, Florida Statutes (1993), provides in pertinent part:
(1) It shall be a condition precedent to the accrual or maintenance of a cause of action against a liability insurer by a person not an insured under the terms of the liability insurance contract that such person shall first obtain a settlement or verdict against a person who is an insured under the terms of such policy for a cause of action which is covered by such policy.
(Emphasis added.) This section precludes persons not insured under the terms of a liability insurance contract from bringing a declaratory judgment action against a liability insurer until a judgment against an insured is obtained.
Public policy against disclosure of insurance coverage to the jury underlies the non-joinder statute. This policy was the basis for the fifth district's holding in Nail that it is a departure from the essential requirements of law to consolidate a liability action with a coverage action. Nail held that consolidation of an insurer's declaratory judgment action against an insured with the underlying negligence action was violative of the non-joinder statute. The court noted that without consolidation there was a possibility of inconsistent verdicts. However, in granting certiorari relief and quashing the order of consolidation, the court relied upon the legislative intent underlying the non-joinder statute that insurance coverage should have no *595 bearing on juror determination of the issues of liability and damages.
The Nail court reasoned that the legislature, in enacting the non-joinder statute, found that the concerns of inconsistent verdicts do not overcome the danger that jurors may be influenced if they know the defendant has liability insurance coverage. The court stated:
[R]espondents are attempting to avoid the application of the non-joinder statute by their motion for consolidation, and, by allowing them to do so, the trial judge has departed from the clear legislative mandate that insurers shall not be parties to negligence actions, nor shall the injured be entitled to discovery against the insurer, until such time as the injured person has obtained a judgment against the insured. If consolidation orders such as that entered below were upheld, then declaratory judgment actions clarifying the rights of the respective parties would be strongly discouraged. Moreover, the argument that State Farm should extend a defense under a reservation of rights, instead of resolving the coverage issue in a separate declaratory judgment action in advance, ignores the fact that providing a defense where there is no legal obligation to do so constitutes an irreparable injury in and of itself.
Id. at 1023.
Respondents/defendants respond that the non-joinder statute and Nail are inapplicable because the non-joinder statute does not specifically preclude an insured's third party action against its insurer. Tindall v. Travelers Indemnity Co., 613 So.2d 1369 (Fla. 2d DCA 1993), is relevant on this point. In that case the second district reversed the dismissal of an insured's third party impleader action against his insurer. The court analogized to third party practice in federal courts, where impleader of an insurance company which denied coverage is permissible. The court reasoned that Nail and the non-joinder statute were inapplicable and did not justify dismissal, because the insured and not the injured party impleaded the insurer as a third-party defendant. However, the court pointed out that if the insurer was prejudiced by the effect knowledge of insurance coverage has on liability and damages, the trial court could sever the third party action for trial. Id. at 1370.
Although the trial court has discretion with regard to severance under rule 1.270(b), Florida Rules of Civil Procedure, we find here that the trial court departed from the essential requirements of law in denying severance in this case because the declaratory relief actions address coverage claims. On the other hand, these claims, one a tort action against the insured, and the other an insurance policy coverage action, are essentially unrelated and constitute separate and distinct legal actions. There is no reason for them to be tried together. Trying the coverage issues with the liability and damages claims defeats the purpose and policy of the non-joinder statute. As a result of the denial of severance, the plaintiff will benefit from the inclusion of the insurance issues thereby evading the clear language and intent of the non-joinder statute. The ruling is as much a departure from the essential requirements of law as was consolidation of the liability and coverage actions in Nail. As in Nail, irreparable harm is evidenced by the insurer having to provide a defense where there is no legal obligation to do so.
We grant the petition for writ of certiorari, quash the order under review, and remand with instructions to sever the actions.
ANSTEAD and HERSEY, JJ., concur.
STONE, J., dissents with opinion.
STONE, Judge, dissenting.
In my judgment, Petitioner has an adequate remedy on appeal. I would therefore deny the petition. Martin-Johnson, Inc. v. Savage, 509 So.2d 1097 (Fla. 1987); Hartford Acc. & Indem. Co. v. U.S.C.P. Co., 515 So.2d 998 (Fla. 4th DCA 1987).