KLEIN, Judge.
Florida Farm Bureau insured a vehicle involved in an accident in which a number of people were killed or injured. After paying out all of its coverage by settling with some of the claimants, it sought a declaratory judgment that it was not obligated to defend or indemnify its insureds from further claims. Some of the claimants who had not settled moved to intervene in the declaratory action, alleging that they would be directly affected by the determination of whether there was a duty to defend or indemnify. The court granted intervention, and Florida Farm Bureau seeks certiorari from that order, alleging that the intervention violates section 627.4136, Florida Statutes (1995), providing for non-joinder of insurers.
Pursuant to Bared & Co., Inc. v. McGuire, 670 So.2d 153, 157 (Fla. 4th DCA 1996), we initially review a petition for certio-rari to determine if the alleged harm is “incurable by final appeal.” If no irreparable harm is demonstrated, we dismiss for lack of jurisdiction.
Section 627.4136 provides in pertinent part:
(1) It shall be a condition precedent to the accrual or maintenance of a cause of action against a liability insurer by a person not an insured under the terms of the liability insurance contract that such person shall first obtain a settlement or verdict against a person who is an insured under the terms of such policy for a cause of action which is covered by such policy.
(2) Notwithstanding subsection (1), any insurer who pays any taxable costs or attorney’s fees which would be recoverable by the insured but for the fact that such costs or fees were paid by the insurer shall be considered a party for the purpose of recovering such fees or costs. No person who is not an insured under the terms of a liability insurance policy shall have any interest in such policy, either as a third-party beneficiary or otherwise, prior to first obtaining a settlement or verdict against a person who is an insured under the terms of such policy for a cause of action which is covered by such policy.
In State Farm, Fire and Casualty, Co. v. Nail, 516 So.2d 1022 (Fla. 5th DCA 1987), the trial court consolidated a personal injury case and a declaratory action involving the issue of coverage for trial, and the Fifth District granted certiorari, finding that a violation of the non-joinder statute would result in irreparable injury. We followed Nail and granted certiorari in similar circumstances in Merchants and Businessmen’s Mutual Insurance Company v. Bennis, 636 So.2d 593 (Fla. 4th DCA 1994). Florida Farm Bureau relies on those cases.
The factual situations in Nail and Bennis, however, were distinguishable from that presented here. In those cases the trial courts had entered orders which would have resulted in the juries in the accident eases being made aware of the existence of insurance coverage. As the Nail court noted:
*644 The legislative intent underlying the statute was that insurance coverage should have no bearing on juror determination of the issues of liability and damages.
Nail, 516 So.2d at 1022.
In the present case, the order about which Florida Farm Bureau is complaining is not an order which will result in the juries knowing that an insurer is a party. The order in the present case merely allows intervention in the declaratory action. In fact, four of the claimants who were permitted to intervene moved the court to sever pursuant to section 627.4136.[1]
We reiterate what Judge Farmer emphasized in our en banc opinion in Bared, that: “it must be made, at least prima facie, clear in the petition that the harm is incurable by final appeal.” Bared, 670 So.2d at 157. We do not find it here and therefore dismiss the petition.
GUNTHER, C.J., and FARMER, J., concur.

. In Canal Insurance Co. v. Reed, 666 So.2d 888 (Fla.1996), the Florida Supreme Court was asked by certified question whether an order determining insurance coverage, which was entered in a third party action in an accident case, was immediately reviewable by appeal or certiorari. The court concluded that such orders are reviewable as final judgments, but should be given expedited review. Pursuant to that decision, Florida Rule of Appellate Procedure 9.110 was amended by the addition of subsection (n) which provides that orders determining insurance coverage, in cases in which there is a claim made against an insured, may be reviewed by the faster method authorized for non-final appeals. The court also reminded trial judges that they can stay underlying actions until the coverage questions are resolved. This should reduce, if not eliminate, certiorari petitions in these coverage cases.