**In re Herman Richard HAEGER, Debtor.**

### COMMERCIAL CASUALTY INSURANCE COMPANY OF GEORGIA, Plaintiff,

v.

**Herman "Skip" HAEGER, individually and doing business as Island 'Scapers, and Martin Bothee, Defendants.**

Bankruptcy No. 97–18257–9P3.

Adversary No. 97–812.

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

April 10, 1998.

**550**

Richard Johnston Jr., Fort Myers, FL, for Plaintiff.

Christian Felden, Naples, FL, for Herman Haeger.

Marcus Viles, Fort Myers, FL, for Martin Bothee.

Terry Smith, Bradenton, FL, Chapter 13 Trustee.

## ORDER ON MOTION OF BOTHEE TO INTERVENE AND ORDER RE-SCHEDULING HEARING ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THE MATTER under consideration in the above-captioned adversary proceeding is a Motion of Bothee to Intervene, filed by Martin Bothee (Bothee) on January 20, 1998. On January 8, 1998, the Plaintiff, Commercial Casualty Insurance Company of Georgia (Plaintiff), represented to the Court that it did not wish to pursue Bothee as a defendant and on January 21, 1998, this Court entered an Order Dropping Martin Bothee as Party Defendant. However, in the Motion of Bothee to Intervene, Bothee contends that as the injured person, he has a substantial interest in the outcome of this matter and should be permitted to intervene in this adversary proceeding. The Plaintiff opposes this Motion based on Florida Statute § 627.4136, the nonjoinder statute.

■ In the Motion, Bothee does not specify whether he is seeking intervention pursuant to F.R.C.P. 24(a) or (b) which apply in this adversary proceeding pursuant to F.R.B.P. 7024. This Court will look to intervention under Rule 24(a)(2) which provides that upon timely application, anyone shall be permitted to intervene under the following circumstances:

> when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

*See Chiles v. Thornburgh,* 865 F.2d 1197, 1213 (11th Cir.1989). As the Plaintiff has made no claim that the application was not timely, the focus here shall be on the latter requirements. The applicant must have an "interest" in the subject matter of this action.

> In determining the sufficiency of interest, this circuit requires that the intervenor must be at least a real party in interest in the transaction which is the subject of the proceeding.

*Purcell v. BankAtlantic Fin. Corp.,* 85 F.3d 1508, 1512 (11th Cir.1996), *cert. denied, American Broadcasting Cos., Inc. v. BankAtlantic Fin. Corp.,* —— U.S. ——, 117 S.Ct. 178, 136 L.Ed.2d 118 (1996) (citations omitted). The "interest test" has been characterized as "primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *Nuesse v. Camp,* 385 F.2d 694, 700 (D.C.Cir.1967). The parties involved here have failed to cite any case law supporting their positions as to "interest," however, in light of the liberal approach to Rule 24(a), this Court finds that Bothee, as the injured person, has a sufficient "interest" in this adversary proceeding.

■ The next requirement for intervention of right is that the disposition of such action may impair the applicant's ability to protect his "interest" unless the "interest" is adequately represented by existing parties. Bothee claims that the injuries he sustained while working for the Debtor/Defendant are covered under the Debtor/Defendant's general liability insurance policy which was issued by the Plaintiff. The determination of such insurance coverage obviously effects Bothee's "interest." If Bothee obtains a judgment against the Debtor in the state court action,

Bothee will then seek a determination of the Plaintiff's liability coverage. The economic benefit of any judgment that Bothee might obtain against the Debtor will be largely meaningless because the Plan of Reorganization by the Debtor certainly does not provide for the full satisfaction of Bothee's claim in this Debtor's Chapter 13 case. If Bothee is not allowed to intervene in this Federal action, he will not be precluded by *res judicata* from determining the coverage issue in state court. However, the state court's ruling may be influenced by this Court's ruling or the state court could potentially reach a totally different ruling, the result of which would be absurd.

■ This Court finds that Bothee's "interest" would be impaired unless his "interest" is adequately represented. Bothee contends that the only party defending this action is in bankruptcy and does not likely care about the outcome of this declaratory relief action. Thus, Bothee's "interest" is not adequately represented. The party seeking to intervene as of right need only show that the representation of his interest may be inadequate, and this burden is minimal. *Trbovich v. United Mine Workers of America*, 404 U.S. 528, 92 S.Ct. 630, 30 L.Ed.2d 686 (1972). This Court is satisfied that Bothee's "interest" is not adequately represented and having met all the requirements for intervention of right, Bothee should be permitted to intervene in this adversary proceeding.

■ Even if Bothee could not intervene as of right, this Court would permit Bothee to permissively intervene. Under F.R.C.P. 24(b)(2), upon timely application, anyone may be permitted to intervene in an action, given the following circumstances:

> when an applicant's claim or defense and the main action have a question of law or fact in common.

Bothee contends that the injuries he sustained are covered by the insurance policy issued by the Plaintiff. In this adversary proceeding, the Plaintiff seeks a determination of such. It is wholly discretionary as to whether or not intervention should be allowed under F.R.C.P. 24(b) if there is a common question of law or fact. *Purcell*, 85 F.3d at 1513 (citations omitted). This Court finds that intervention will not unduly delay or prejudice the adjudication of the rights of the other parties and Bothee will be better able to defend his "interest" if allowed to intervene. Thus, this Court finds that Bothee should be allowed to intervene as a party defendant.

■ Further, this Court finds that Bothee is not precluded from intervening in this adversary proceeding by Florida Statute § 627.4136, the nonjoinder statute. "The public policy behind the nonjoinder statute is to ensure that jurors do not consider the existence of insurance coverage as a factor in determining liability." *Canal Ins. Co. v. Reed*, 666 So.2d 888, 891 (Fla.1996)(trial court complied with the nonjoinder statute by severing the third-party dispute over insurance coverage from the actual claim). This Court, therefore, concludes that Florida Statute § 627.4136 would not preclude Bothee's intervention in this declaratory relief action. *See Florida Farm Bureau Gen. Ins. Co. v. Copertino*, 693 So.2d 642 (Fla. 4th DCA 1997)(claimants intervention in declaratory relief action between the insurer and the insured did not cause incurable harm to insurer).

Having reviewed the Motion and the record and having heard argument of counsel, this Court is satisfied that Bothee is an interested party and should be permitted to intervene as a party defendant.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion of Bothee to Intervene be, and the same is hereby, granted and Martin Bothee is hereby permitted to proceed as a party defendant in the above-captioned adversary proceeding.

It is further

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment filed by the Plaintiff on October 28, 1997 is hereby rescheduled for hearing on May 7, 1998 at 9:15 a.m. in order to afford Martin Bothee an opportunity to be heard on the Motion for Summary Judgment.