817 So.2d 856 (2002)
Miguel L. NEVAREZ, Appellant,
v.
ANN FRISKNEY, Appellee.
No. 5D01-1746.
District Court of Appeal of Florida, Fifth District.
April 5, 2002.
Rehearing Denied May 22, 2002.
Richard A. Sherman and Rosemary B. Wilder of Richard A. Sherman, P. A., Fort Lauderdale, and Jessica J. Recksiedler of Thompson & Associates, L.L.P., Maitland, for Appellant.
Darren J. Elkind of James, Zimmerman, Paul & Huddleston, L.L.P., Deltona, for Appellee.
*857 ORFINGER, R. B., J.
Miguel L. Nevarez appeals a final judgment entered in favor of Ann Friskney following a jury trial in a personal injury action arising from a motor vehicle accident. Nevarez contends that the trial court erred by (1) refusing to grant a remittitur or new trial regarding the jury's award to Friskney of future medical expenses not supported by the evidence, and (2) refusing to grant a new trial when it allowed, over objection, evidence of insurance in violation of the nonjoinder statute.
Friskney was stopped at a traffic light when she was rear-ended by a vehicle. The driver of the car that collided with Friskney told her that his name was "Miguel Nevarez." Although the police were not called to the accident scene, the parties exchanged information, and Friskney copied the driver's name, address, driver's license number, and expiration date from the driver's license exhibited by the other driver. The driver also informed Friskney that he had liability insurance with Allstate and provided her with a policy number. In addition, the driver told Friskney he would have her car repaired at Mike's Body Shop.
After Friskney filed suit, Nevarez answered and claimed that neither he nor his vehicle was involved in the accident. He did, however, admit that he rented a garage at Mike's Auto Body, but claimed that his automobile was not operable at the time of the accident. He also admitted that the information obtained by Friskney at the accident scene from the other driver was accurate and pertained to him.
At trial, over Nevarez's objection, the trial court allowed testimony about the insurance information Friskney obtained from the other driver. Nevarez argues the admission of the testimony was error as it violated the nonjoinder statute. See § 627.4136, Fla. Stat. (2001). We disagree. The purpose of excluding references to a defendant's insurance coverage in a civil proceeding is to preclude jurors from assessing liability where none otherwise exists and to prevent the award of excessive damages motivated by sympathy for the injured party thinking that the burden of payment will not be borne by the defendant. See Melara v. Cicione, 712 So.2d 429, 431 (Fla. 3d DCA 1998); Carls Markets, Inc. v. Meyer, 69 So.2d 789, 793 (Fla.1953). That general premise does not exclude a reference to the defendant's insurance if such evidence has some independent probative value.
In this case, Nevarez denied that he or his vehicle were involved in the accident. Thus, one of the primary issues for the jury's determination was the identification of the driver and the owner of the vehicle which allegedly caused injury to Friskney. Accordingly, the insurance information, as well as the defendant's name, address, and driver's license number, was relevant to the jury's determination of the driver's identity. We find no error in the trial judge's decision to allow the jury to learn the name of the defendant's insurer and policy number as that was the only information Friskney could not have otherwise obtained from public records. See Carlton v. Johns, 194 So.2d 670 (Fla. 4th DCA 1967) (recognizing that the fact that a defendant has liability insurance can be established at trial where the issue of ownership is in dispute); Seminole Shell Co. v. Clearwater Flying Co., 156 So.2d 543 (Fla. 2d DCA 1963) (stating that the subject of insurance has at times been permitted before the jury when relevant to a matter before the court or tends to establish a fact in issue). Cf. Keller Indus. v. Volk, 657 So.2d 1200, 1202 (Fla. 4th DCA 1995) (evidence of subsequent remedial measures that is generally inadmissible is admissible to prove ownership).
*858 Next, Nevarez challenges the trial court's denial of his motion for remittitur or new trial, contending the trial evidence did not support the jury's award of future medical expenses. We agree that the award for future medical expenses is not supported by the evidence. While Friskney presented expert testimony regarding her possible need for future surgery, she presented no evidence regarding the cost of any future medical treatment. More importantly, Friskney testified that she would not have the surgery, a fact recognized by Friskney's counsel in closing argument, when he told the jury:
[S]he has said candidly that she doesn't believe that she's going to have surgery in the future. ... She says she doesn't want to have the surgery, and, therefore, she's not asking you to award her one penny for surgery. So question No. 3: "What is the amount of any damages sustained by Ann Friskney for future medical expenses to be sustained in future years?" Go ahead and enter zero. She asks you to do thatshe doesn't want to have the surgery. She hopes she never has to have the surgery. If she does, so be it, she'll deal with it. She's not asking for money.
Our review of the evidence reveals that the amount awarded for Friskney's future medical expenses is not supported by competent, substantial evidence and bears no reasonable relationship to the damages proved at trial. Further, any claim for future medical expenses was waived. Martin v. Chapman, 780 So.2d 929 (Fla. 5th DCA 2001). This is not a case in which the jury considered evidence of damages and entered an award which was too little or too great. Here, there was no evidence at all of damages relating to future medical expenses. The remedy for the jury's erroneous award of damages not based on evidence is to strike the award for future medical expenses and affirm the judgment in all other respects.
Accordingly, we reverse the trial court's order denying Nevarez's motion for remittitur or new trial and remand this matter for entry of an amended final judgment striking the award for future medical expenses.
JUDGMENT AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
HARRIS and PETERSON, JJ., concur.