895 So.2d 1136 (2005)
GENERAL STAR INDEMNITY CO. and Wayne Automatic Fire Sprinklers, Inc., Petitioners,
v.
BORAN CRAIG BARBER ENGEL CONSTRUCTION CO., INC., Respondent.
No. 2D04-1087.
District Court of Appeal of Florida, Second District.
February 4, 2005.
Holly S. Harvey of Thornton, Davis & Fein, P.A., Miami, for Petitioner General Star Indemnity Co.
Johnson, Leiter & Belsky, Ft. Lauderdale, for Petitioner Wayne Automatic Fire Sprinklers, Inc.
Edward K. Cheffy, Louis D. D'Agostino, and David A. Zulian of Cheffy, Passidomo, Wilson & Johnson, PPL, Naples for Respondent.
*1137 NORTHCUTT, Judge.
Boran Craig Barber Engel Construction Co. was the general contractor on a condominium project. It sued Wayne Automatic Fire Sprinklers, Inc., the fire sprinkler system subcontractor, for damages resulting from sprinkler system ruptures at the project. Boran also sought a declaratory judgment that Wayne's commercial liability insurance policy issued by General Star Indemnity Company provided coverage for the losses Boran sustained and that the insurer was obligated to pay the damages. In another count of its complaint, Boran sued General Star directly for a declaratory judgment. Boran maintained that it was an additional insured under General Star's contract with Wayne and thus was entitled to its own coverage under the policy. General Star moved to sever and stay the direct action, but the circuit court denied the motion. It and Wayne have petitioned this court for a writ of certiorari to quash the circuit court's order. We grant the petition.
General Star's motion was based on Florida's nonjoinder statute, § 627.4136, Fla. Stat. (2003). The pertinent part of the statute provides:
It shall be a condition precedent to the accrual or maintenance of a cause of *1138 action against a liability insurer by a person not an insured under the terms of the liability insurance contract that such person shall first obtain a settlement or verdict against a person who is an insured under the terms of such policy for a cause of action which is covered by such policy.
§ 627.4136(1) (emphasis supplied). An injured person has no beneficial interest in the wrongdoer's liability policy until a judgment is entered against the insured. § 627.4136(2). The legislative intent behind the statute is to ensure that the availability of insurance has no influence on the jury's determination of the insured's liability and damages. See State Farm Fire & Cas. Co. v. Nail, 516 So.2d 1022, 1022 (Fla. 5th DCA 1987).
In denying General Star's motion, the circuit court focused on the fact that the nonjoinder statute applies to "a person not insured under" the liability policy, whereas Boran's complaint maintained that it was an additional insured under General Star's policy. That question is the crux of Boran's claim against General Star and, of course, is yet to be resolved. Taking Boran's assertion as true for purposes of this analysis, its declaratory action against General Star essentially is a claim against its own insurer for coverage. In Tindall v. Travelers Indemnity Co., 613 So.2d 1369, 1370 (Fla. 2d DCA 1993), we held that the nonjoinder statute does not bar such a claim. Tindall had been sued for defamation and had filed a third-party action against his own insurance company. We reversed the circuit court's dismissal of the action against the insurer but remarked that the circuit court could sever the third-party claim for trial.
A similar issue was addressed in Merchants & Businessmen's Mutual Insurance Co. v. Bennis, 636 So.2d 593 (Fla. 4th DCA 1994). There, firefighters sued several companies, seeking damages for personal injury. The companies' insurer, Merchants, denied coverage. The companies then filed a third-party declaratory action against Merchants seeking coverage. Merchants sought to sever the declaratory action based on the nonjoinder statute, but the circuit court denied the motion. Merchants filed a petition for certiorari, seeking to quash the denial.
The Fourth District granted the petition. It noted that our Tindall decision held the nonjoinder statute was inapplicable when an insured sued its own insurer. But it distinguished Tindall because that case involved a motion to dismiss rather than a motion to sever. The court acknowledged that severance is discretionary under Florida Rule of Civil Procedure 1.270(b) but observed that when one claim is a tort action against an insured and the other claim is for coverage under an insurance policy, there is no reason for them to be tried together. Merchants, 636 So.2d at 595. Such claims essentially are unrelated and constitute separate and distinct legal actions. Id.; see also Canal Ins. Co. v. Reed, 666 So.2d 888, 892 (Fla.1996) (remarking that "the underlying personal injury action is separate and distinct from the insurance coverage dispute"). Although severance was not required by the language of the nonjoinder statute, the Merchants court discerned that failing to sever the claims in that case would defeat the legislative purpose underlying the statute. Thus, the Merchants court held that the refusal to sever was a departure from the essential requirements of law. Id.
We agree with the Fourth District's reasoning in Merchants. Accordingly, we conclude that the order denying General Star's motion to sever or stay departed from the essential requirements of law. It would also result in irreparable harm to General Star throughout the remainder of *1139 the proceedings, effectively leaving no adequate remedy on appeal, because it would permit the jurors to learn that an insurance company is a party to the action and that coverage may exist for the damages Boran seeks. See Fla. Farm Bureau Gen. Ins. Co. v. Copertino, 693 So.2d 642, 643-44 (Fla. 4th DCA 1997).
We grant the petition for certiorari and quash the circuit court's order.
SILBERMAN and VILLANTI, JJ., Concur.