950 So.2d 438 (2007)
NEW YORK BUFFET, INC., a dissolved Florida corporation, and Wendy Yuk Wah Lo, Appellants,
v.
CERTAIN UNDERWRITERS AT LLOYD'S LONDON, a foreign company, Nob Hill Plaza, Inc., and Hong Hao Chen, Appellees.
No. 4D05-4103.
District Court of Appeal of Florida, Fourth District.
February 7, 2007.
Rehearing Denied March 27, 2007.
*439 Robert A. Robbins of Robbins & Reynolds, P.A., Miami, for appellants.
Frank J. Ingrassia of Powers, McNalis, Torres & Teebagy, West Palm Beach for Appellee-Certain Underwriters At Lloyd's London.
TAYLOR, J.
Nob Hill Plaza, Inc. ("landlord") leased property in its shopping center to New York Buffet, Inc. and Wendy Yuk Wah Lo ("tenant") to operate a restaurant. Pursuant to the lease, the tenant agreed to maintain the leased premises, repair any damage to the premises, and indemnify the landlord against all claims arising from damage to the property resulting from the tenant's occupancy or use of the premises. The lease also required the tenant to maintain insurance and name the landlord as an additional insured or loss payee. The tenant obtained a commercial insurance policy from Certain Underwriters at Lloyd's of London (Lloyd's), but did not include the landlord as an additional insured or loss payee. The policy included all risk coverage from perils, including fire.
On January 8, 2001, after the Lloyd's policy went into effect, a fire severely damaged the leased premises. When the landlord demanded that the tenant repair the premises, the tenant filed an insurance claim for the fire loss with Lloyd's. Lloyd's denied the claim. The landlord filed a complaint against the tenant for damages to the premises. After filing its answer to the complaint, the tenant filed a third-party complaint against Lloyd's. The tenant's third-party complaint against Lloyd's asserted that Lloyd's denied its fire loss claim, and that if the landlord succeeds in obtaining fire loss damages against the tenant, then Lloyd's will be responsible for payment of some or all of those damages pursuant to the insurance policy.
Lloyd's filed a motion to dismiss the tenant's third-party complaint. The trial court denied the motion to dismiss. Later, however, the court granted Lloyd's motion for final summary judgment against the tenant, ruling that the landlord had no rights of contribution, indemnification, or subrogation against Lloyd's. Apparently, the trial court determined that because the landlord did not qualify as a third-party beneficiary of the Lloyd's policy, the tenant's third party-complaint against Lloyd's could not stand. This was error.
A third-party complaint is proper where the third-party defendant "may be liable to the defendant for all or part of the plaintiff's claim against the defendant. . . ." Fla. R. Civ. P. 1.180(a) (2006). "The policy behind the rule is to avoid multiple actions." Gortz v. Lytal, Reiter, Clark, Sharpe, Roca, Fountain & Williams, 769 So.2d 484, 486 (Fla. 4th DCA 2000). A claim for indemnification, subrogation, or contribution must be brought as part of any third-party action under the rule. Leggiere v. Merrill Lynch Realty/Florida, Inc., 544 So.2d 240, 241 (Fla. 2d DCA 1989); see also Dhaliwal v. Don L. Leasing Co., 600 So.2d 533, 534 (Fla. 4th DCA 1992) (following Leggiere). Here, indemnification is the issue.
*440 As part of its third-party claim, the tenant argues that Lloyd's is obligated to pay for fire damage for which it is being sued by the landlord. The landlord required the tenant to obtain insurance and the tenant did obtain such insurance from Lloyd's. In Tindall v. Travelers Indemnity Co., 613 So.2d 1369 (Fla. 2d DCA 1993), the defendant in a defamation action brought a third-party claim against his insurance company, which had refused coverage. The trial court dismissed the action. The second district reversed, stating:
An insurance contract is in the nature of a contract for indemnification. Under the similar third-party practice in federal courts, impleader of an insurance company which denied coverage is permissible. See Skevolfilax [Skevofilax] v. Quigley, 810 F.2d 378, 386 n. 6 (3rd Cir.), cert. denied sub nom, Township of Edison, N.J. v. Skevolfilax [Skevofilax], 481 U.S. 1029, 107 S.Ct. 1956, 95 L.Ed.2d 528 (1987).
Id. at 1370. We referred to Tindall in Merchants & Businessmen's Mut. Ins. Co. v. Bennis, 636 So.2d 593, 595 (Fla. 4th DCA 1994), wherein we noted that, though dismissal of an insured's third-party action against an insurer is improper, the trial court could sever the third-party action to prevent prejudice to the insurer. Because the trial court erred in granting final summary judgment against the tenant on his third-party claim asserting indemnification against Lloyd's, the insurer, we reverse and remand for further proceedings.
Reversed and Remanded.
STONE, J., and COLBATH, JEFFREY J., Associate Judge, concur.