989 So.2d 697 (2008)
Diana MUCHA, Appellant,
v.
ATLAS VAN LINES, INC., et al., Appellee.
No. 5D07-3205.
District Court of Appeal of Florida, Fifth District.
August 8, 2008.
George E. Carr, Orlando, and Jerri A. Blair of Jerri A. Blair, P.A., Tavares, for Appellant.
*698 Scott J. Frank and Anthony J. Russo of Butler, Pappas, Weihmuller, Katz, Craig, LLP, Tampa, for Appellee.
PER CURIAM.
Diana Mucha appeals from a final order dismissing her lawsuit against Hanover Insurance Company. We reverse.
Mucha's claims arose from property damage and personal injuries that occurred during the moving and storage of the furniture and other contents of her home. She alleges that many of her possessions were lost or destroyed and that she sustained personal injury when improperly stacked shelving fell on her as a result of the moving company's negligence.
Mucha brought suit against Avatar Relocation, Inc., Atlas Van Lines, Inc., and Hanover Insurance Company. The sufficiency of the complaint vis-a-vis Atlas and Avatar are not the subject of this appeal. The trial court dismissed the complaint based upon section 627.4136, Florida Statutes (2007), Florida's non-joinder statute. The trial judge ruled that Hanover was Avatar's liability insurer, rather than a first-party insurer.
In reviewing the dismissal with prejudice we look to the four corners of the complaint and accept as true all well-pled allegations. Huet v. Mike Shad Ford, Inc., 915 So.2d 723, 725 (Fla. 5th DCA 2005). The allegations in the third amended complaint are sufficient to state a cause of action. The language in the unauthenticated document that formed the basis for the trial court's dismissal contained language that could be construed as directly indemnifying Mucha for any losses sustained. We express no opinion as to whether a cause of action against Hanover can withstand summary judgment. However, dismissal with prejudice at this stage of the proceedings was error.
REVERSED.
ORFINGER, TORPY, and COHEN, JJ., concur.