PER CURIAM.
 

 Petitioner Mid-Continent Casualty Company (MCC) seeks certiorari review and relief from a Broward Circuit Court order denying its motion to dismiss or sever respondent United Rentals, Inc.’s (United Rentals) third party claim against it for declaratory relief. We deny the petition in part insofar as it challenges the order denying petitioner’s motion to dismiss, but grant the petition insofar as the trial court denied the motion to sever. We quash the order to that extent, and remand for further proceedings.
 

 This cause arises from a wrongful death action filed by the personal representative of the Estate of Larry Christopher Ferguson (Ferguson) against General Interior Systems Southern, Inc. (GIS), United Rentals, and other defendants. Ferguson, an electrician performing contract work for Courteaux Electric, died after operating a scissor lift leased by GIS from United Rentals, an equipment rental company.
 

 GIS had entered into a rental agreement with United Rentals which required it to carry and maintain insurance coverage for any damage to the equipment and to name United Rentals as an additional insured and loss payee. As well, it provided that GIS would indemnify and hold United Rentals harmless from any liability, claim, loss or other damage caused by or arising from use of the rented equipment. MCC issued a commercial general liability and commercial excess insurance policy to GIS for the period covering the lift accident in this case.
 

 In the wrongful death action by the Estate, nine defendants are named including GIS and United Rentals, and the claims include strict liability and negligence for manufacturing defects, design defects, and warning defects. United Rentals filed cross-claims against GIS and included MCC as a cross-defendant. It sought a declaratory judgment that it was an insured under the MCC policies. It also asserts that GIS was contractually obligated to indemnify it and to have United Rentals named as an additional insured under its insurance policy, underwritten by MCC.
 

 MCC moved to dismiss or sever the insurance coverage action from the wrongful death action. It argued that including the two claims in one pending lawsuit would violate Florida’s non-joinder statute, section 627.4136(1), Florida Statutes. Alternatively, MCC sought to sever the coverage claims from the wrongful death tort claims pursuant to Florida Rule of Civil
 
 *1175
 
 Procedure 1.270(a). The trial judge offered to grant the motion for severance conditioned on MCC’s stipulation that it would be bound by the jury’s findings on liability in the Estate’s wrongful death action, but MCC would not agree to that. The trial judge denied MCC’s motion to dismiss or sever, leading to this petition for writ of certiorari.
 

 Certiorari will lie from a trial court order denying a motion to sever an insurance coverage action from the underlying tort action.
 
 See, e.g., Merchants & Businessmen’s Mut. Ins. Co. v. Bennis,
 
 686 So.2d 593 (Fla. 4th DCA 1994). The petitioner must demonstrate that the trial court order departed from the essential requirements of law resulting in material harm of an irreparable nature.
 
 See generally Bared & Co., Inc. v. McGuire,
 
 670 So.2d 153 (Fla. 4th DCA 1996).
 

 MCC argues that the order denying severance or dismissal in this case warrants certiorari relief because it allows United Rentals to proceed with its insurance coverage claims in the same proceeding as the underlying tort action. The issues of insurance coverage would be interjected into the wrongful death action. MCC would be forced to participate in discovery as the lone insurer in a wrongful death action against multiple defendants, and parties with no rights under its policy would be permitted access to discovery on United Rentals’s coverage claims.
 

 Florida’s non-joinder of insurers statute, section 627.4136(1), Florida Statutes, provides in part:
 

 It shall be a condition precedent to the accrual or maintenance of a cause of action against a liability insurer by a person not an insured under the terms of the liability insurance contract that such person shall first obtain a settlement or verdict against a person who is an insured under the terms of such policy for a cause of action which is covered by such policy.
 

 The legislative intent for this statute is to “ensure that the availability of insurance has no influence on the jury’s determination of the insured’s liability and damages.”
 
 General Star Indem. Co. v. Boran Craig Barber Engel Constr.,
 
 895 So.2d 1136, 1138 (Fla. 2d DCA 2005). In
 
 Merchants & Businessmen’s Mutual Insurance Co.,
 
 we acknowledged that severance is discretionary under Florida Rule of Civil Procedure 1.270(b), but concluded that in a case with one tort claim against an insured and another claim for coverage under an insurance policy, there is no reason for the two claims to be tried together. That would defeat the purpose and policy of the non-joinder statute. 636 So.2d at 595.
 

 We do not believe that two trials on the wrongful death issues would be necessary, particularly if the trial court were to conduct trial in the declaratory judgment action by United Rentals against MCC before the separate wrongful death action. United Rentals’s third party action against MCC is based on the insurance contract between GIS and MCC, while the Estate’s wrongful death action seeks damages for the wrongful death of Larry Christopher Ferguson.
 

 Therefore we deny the petition insofar as petitioner challenges the trial court’s denial of the motion to dismiss, but grant the petition for writ of certiorari and quash the trial court’s ruling denying the motion to sever.
 

 POLEN, TAYLOR and GERBER, JJ„ concur.