# Third District Court of Appeal

## State of Florida

Opinion filed January 07, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-2733
Lower Tribunal No. 14-472
_____

**Starr Indemnity & Liability Co.,**
Petitioner,

vs.

**Helon S. Morris,**
Respondent.


A Writ of Certiorari to the Circuit Court for Monroe County, Luis Garcia, Judge.

Hamilton, Miller & Birthisel, LLP, and Jerry D. Hamilton, Robert M. Oldershaw, and Michael J. Dono, for petitioner.

Robby Thomas Cook (St. Augustine); and Thomas E. Woods (Islamorada), for respondent.


Before SUAREZ, ROTHENBERG, and LOGUE, JJ.

ROTHENBERG, J.

Starr Indemnity & Liability Co. ("Starr") petitions this Court for a writ of certiorari based on the trial court's denial of its motion to dismiss or, in the alternative, to sever Helen S. Morris's ("Morris") claim against Starr based on Florida's nonjoinder statute, section 627.4136 of the Florida Statutes (2014). Because the trial court's failure to sever Morris's coverage claim against Starr from Morris's tort suit against Starr's named insured is a departure from the essential requirements of law that would cause Starr irreparable harm, we grant the petition in part and direct the trial court to sever the coverage claim from the tort suit.

Starr is the insurance provider for Matador Sport Fishing, LLC ("Matador"). Matador is a sport fishing company that allows customers to board its vessel (also named the Matador) and angle for various types of fish in the Florida Keys. Matador's insurance policy comprises coverage for various types of loss, including liability coverage should one of Matador's customers be injured while aboard one of its vessels under certain circumstances.

Morris boarded Matador's ship to go fishing with her granddaughter on July 11, 2013. Morris apparently slipped, fell, and landed on a bucket on the deck of the ship, thereby incurring substantial injury. Morris subsequently brought a negligence action against Matador (Count I) and the captain of the vessel (Count II) and a breach of contract action against Starr (Count III). Morris's breach of

2

contract claim against Starr is not premised on Starr's liability coverage of Matador, through which Starr may ultimately be held responsible if Matador is found liable for negligence, but rather, the breach of contract claim alleges that Morris is an omnibus insured under Starr's policy's Medical Coverage clause who is contractually entitled to recover medical costs directly from Starr.

Starr filed a motion to dismiss the breach of contract action based on Florida's nonjoinder statute, which generally provides that a liability insurer cannot be joined in the tort suit against its insured until a settlement or verdict is entered. §627.4136. The trial court denied that motion, ruling that the nonjoinder statute did not apply because Morris's breach of contract action was based on her allegations that she was an insured under the terms of the contract and had a direct action to recover. Starr filed a motion for reconsideration of its motion to dismiss the action or, in the alternative, to sever the contract action against Starr from the negligence action against its named insured. The trial court denied this motion for the same reason. Starr then timely filed this certiorari petition.

In order to obtain certiorari relief, Starr must establish that the trial court's order constitutes a departure from the essential requirements of law resulting in irreparable harm, i.e., material injury for the remainder of the case that cannot be corrected by a postjudgment appeal. Citizens Prop. Ins. Corp. v. San Perdido Ass'n, 104 So. 3d 344, 351 (Fla. 2012). The law is well established that a trial

3

court's incorrect application of Florida's nonjoinder statute establishes the irreparable harm necessary for certiorari relief. See Lantana Ins., Ltd. v. Thornton, 118 So. 3d 250, 251 (Fla. 3d DCA 2013); General Star Indem. Co. v. Boran Craig Barber Engel Constr. Co., 895 So. 2d 1136, 1138-39 (Fla. 2d DCA 2005); Merchs. & Businessmen's Mut. Ins. Co. v. Bennis, 636 So. 2d 593, 595 (Fla. 4th DCA 1994). Thus, we must examine whether the trial court's order departs from the essential requirements of law. We hold that it does.

Florida's nonjoinder statute provides, in relevant part:

**627.4136. Nonjoinder of insurers.—**
(1) It shall be a condition precedent to the accrual or maintenance of a cause of action against a liability insurer by a person not an insured under the terms of the liability insurance contract that such person shall first obtain a settlement or verdict against a person who is an insured under the terms of such policy for a cause of action which is covered by such policy.
. . . .
(3) Insurers are affirmatively granted the substantive right to insert in liability insurance policies contractual provisions that preclude persons who are not designated as insureds in such policies from joining a liability insurer as a party defendant with its insured prior to the rendition of a verdict. The contractual provisions authorized in this subsection shall be fully enforceable.

§ 627.4136. "'The legislative intent behind the [nonjoinder] statute is to ensure that the availability of insurance has no influence on the jury's determination of the insured's liability and damages.'" GEICO Gen. Ins. Co. v. Harvey, 109 So. 3d 236, 238 (Fla. 4th DCA 2013) (quoting Boran Craig, 895 So. 2d at 1138); Mid-Continent Cas. Co. v. United Rentals, Inc., 62 So. 3d 1173, 1175 (Fla. 4th DCA

4

2011); see also Nevarez v. Friskney, 817 So. 2d 856, 858 (Fla. 5th DCA 2002). Thus, the trial court should either dismiss or sever related actions against a liability insurer to prevent prejudice.

Morris contends that section 627.4136 does not apply in this instance because she has pled a direct claim against Starr as an omnibus insured under the policy. Morris is correct that section 627.4136 does not technically apply when a claimant alleges that he or she is an insured under the policy terms. See Mucha v. Atlas Van Lines, Inc., 989 So. 2d 697, 698 (Fla. 5th DCA 2008). Accordingly, the trial court correctly denied Starr's motion to dismiss the action with prejudice. Id. However, the legislative intent underlying section 627.4136 mandates that the direct action against Starr be severed to prevent jurors from discovering that an insurance company may be held responsible for some or all of the judgment in the negligence suit against Matador. Boran Craig, 895 So. 2d at 1138 (holding that the trial court abuses its discretion by not severing the action even when there is a direct policy claim against an insured due to the risk of jury prejudice).

As the Fourth District Court of Appeal held in Bennis: "There is no reason for [a policy coverage action against the liability insurer and a negligence suit against its insured] to be tried together. Trying the coverage issues with the liability and damages claims defeats the purpose and policy of the non-joinder statute." 636 So. 2d at 595. Such claims "are essentially unrelated and constitute

5

separate and distinct legal actions." Id. Thus, the trial court departed from the essential requirements of law by refusing to sever Morris's breach of policy claim against Starr from her negligence suit against Matador. We grant the petition insofar as it challenges the trial court's denial of the motion to sever the actions but deny the portion of the petition challenging the trial court's denial of Starr's motion to dismiss the action with prejudice.

Petition granted in part; denied in part.