# Third District Court of Appeal

## State of Florida

Opinion filed January 3, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1086
Lower Tribunal No. 09-92831
_____

## GEICO General Insurance Company,
Petitioner,

vs.

## Katherine Martinez,
Respondent.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Pedro P. Echarte, Jr., Judge.

Young, Bill, Boles, Palmer & Duke, Michel A. Morgan, B. Richard Young, Adam A. Duke and Cody S. Pflueger, for petitioner.

Brodsky Fotiu-Wojtowicz and Alaina Fotiu-Wojtowicz; Michael S. Olin, for respondent.

Before SALTER, EMAS and LOGUE, JJ.

EMAS, J.

## INTRODUCTION

GEICO General Insurance Company, a defendant below, petitions this court for a writ of certiorari, following the trial court's orders, which: 1) permitted plaintiff Katherine Martinez to add GEICO as a party defendant to Martinez's negligence claim against GEICO's insured, arising out of an automobile accident; 2) permitted Martinez to amend her complaint to add a third-party bad-faith claim against GEICO; and 3) abated, rather than dismissed, Martinez's unaccrued and premature third-party bad-faith claim against GEICO.

We grant the petition and quash the orders under review because, under these circumstances and given our existing precedent, abatement (rather than dismissal) of a third-party bad-faith claim filed in contravention of the express requirements of the nonjoinder statute (section 627.4136, Florida Statutes (2016)), constitutes a departure from the essential requirements of the law, and results in irreparable harm that cannot be remedied on appeal.

## FACTS AND PROCEDURAL BACKGROUND

The facts material to this petition do not appear to be in dispute:

On February 12, 2009, Katherine Martinez sustained injury when the car she was riding in was struck by a car being driven by Diana Guevara. Guevara was insured under a policy issued by GEICO. That policy provided bodily injury coverage in the amount of $10,000 per person and $20,000 per occurrence.

2

Martinez filed a one-count negligence complaint against Guevara in 2009. In October 2016, Martinez filed a motion to amend her complaint to add GEICO as a party defendant to the action and to add a third-party bad-faith claim against GEICO. The trial court granted the motion, and Martinez filed an amended complaint, adding GEICO as a party defendant and pleading a count for third-party bad-faith against GEICO.

GEICO moved to dismiss the third-party bad-faith count, and at the hearing on the motion to dismiss, Martinez conceded that the bad-faith claim against GEICO was unaccrued and premature because, pursuant to the nonjoinder statute, the bad-faith claim had not yet accrued and would not accrue unless and until Martinez first obtained a settlement or verdict against Guevara on the underlying negligence claim.

The trial court denied the motion to dismiss, and instead, abated the action to await resolution of Martinez's underlying negligence action against Guevara. This petition followed.

**ANALYSIS**

The nonjoinder statute, section 627.4136, Florida Statutes (2016), provides in pertinent part:

(1) It shall be a condition precedent to the accrual or maintenance of a cause of action against a liability insurer by a person not an insured under the terms of the liability insurance contract that such person shall first obtain a settlement or verdict against a person who is an

3

insured under the terms of such policy for a cause of action which is covered by such policy.

(2) . . . No person who is not an insured under the terms of a liability insurance policy shall have any interest in such policy, either as a third-party beneficiary or otherwise, prior to first obtaining a settlement or verdict against a person who is an insured under the terms of such policy for a cause of action which is covered by such policy.

Martinez concedes that her third-party bad-faith claim against GEICO has not yet accrued, and concedes that Martinez is not an insured under the terms of the liability insurance contract between Guevara, the insured and GEICO, the insurer. Nevertheless, Martinez argues that it was within the trial court's discretion to abate, rather than to dismiss, the premature bad-faith claim.

We are unpersuaded by Martinez's arguments and conclude that this case is controlled by our decision in Lantana Insurance, Ltd. v. Thornton, 118 So. 3d 250 (Fla. 3d DCA 2013). We accordingly grant the petition and quash the order denying the motion to dismiss Martinez's unaccrued third-party bad-faith claim against GEICO.[1]

---

[1] Because we grant the petition on this basis, we do not reach GEICO's additional argument: that the trial court's order abating (rather than dismissing) the premature third-party bad-faith action constitutes irreparable harm because it precluded GEICO from exercising its statutory right of removal of the bad-faith action to federal court under the diversity jurisdiction provisions of 28 U.S.C. § 1446(b). This court has not addressed the merits of this issue, and there exists some disagreement among the districts that have. See GEICO Gen. Ins. Co. v. Harvey, 109 So. 3d 236 (Fla. 4th DCA 2013) (holding that insurer's loss of the statutory right of removal to federal court constituted material injury for which certiorari review is appropriate); Safeco Ins. Co. of Ill. v. Rader, 132 So. 3d 941 (Fla. 1st

In Lantana, plaintiffs sued homeowner Thornton for negligence. Thornton was an insured under two homeowner's policies, one issued by Alfa Insurance and the other by Lantana Insurance, Ltd. Lantana and Alfa each denied coverage to Thornton, and Alfa brought a separate action seeking a declaratory judgment on the question of coverage. When Lantana failed to bring its own declaratory action or join in Alfa's declaratory action, plaintiffs filed a third-party complaint against Lantana in Alfa's declaratory judgment action.

Lantana moved to dismiss plaintiffs' third-party complaint, contending that section 627.4136 barred such third-party claims absent the plaintiffs first securing a settlement or verdict against Thornton. The trial court denied the motion to dismiss and instead abated the third-party action.

Lantana filed a petition for writ of certiorari, and this court concluded that because plaintiffs "have not obtained a settlement with or verdict against Thornton . . . [t]hey therefore have no beneficial interest in Thornton's policy with Lantana and no cause of action against Lantana has accrued." Id. at 251. We granted the petition and quashed the order denying the motion to dismiss and abating the action, holding that "the irreparable harm in such cases arises from the fact that an insurer is being forced to litigate an action brought by a third-party plaintiff which

DCA 2014) (denying certiorari petition and noting that any harm flowing from loss of statutory right of removal is not irreparable, as it can be remedied on appeal from the final judgment).

5

would be barred if, in fact, the requirements of section 627.4136 have not been met." Id. (quoting S. Owners Ins. Co. v. Mathieu, 67 So. 3d 1156, 1158 (Fla. 2d DCA 2011)).

In Starr Indemnity & Liability Co. v. Morris, 155 So. 3d 429 (Fla. 3d DCA 2015), we cited approvingly to Lantana and reaffirmed that "[t]he law is well established that a trial court's incorrect application of Florida's nonjoinder statute establishes the irreparable harm necessary for certiorari relief." Id. at 431.[2]

Martinez also asserts that the trial court's abatement, rather than dismissal, of an unaccrued and premature third-party bad-faith claim is supported by this court's decision in State Farm Florida Insurance Co. v. Seville Place Condominium Association, Inc., 74 So. 3d 105 (Fla. 3d DCA 2011). However, Seville Place involved a first-party claim, rather than a third-party claim, and therefore did not implicate section 627.4136 (the nonjoinder statute), which:

---

[2] In Starr, the plaintiff filed a negligence action against a fishing boat owner and its captain, and also filed a breach of contract action against the insurer for the boat owner. The insurer filed a motion to dismiss relying upon the nonjoinder statute, but the trial court denied dismissal and instead severed the claim against the insurer. We held that the trial court's decision to sever, rather than dismiss, was not a departure from the essential requirements of law, because plaintiff's breach of contract claim against the boat owner's insurance company alleged that plaintiff was an "omnibus insured" under the insurance policy, and thus fell out of the proscription of the nonjoinder statute: if plaintiff's alleged status as an "omnibus insured" were proven, he would no longer be "a person not an insured under the terms of the liability insurance contract." § 627.4136, Fla. Stat. (2016) (emphasis added).

- creates a condition precedent before a cause of action against GEICO has even accrued or can be maintained by Martinez; and

- requires Martinez, as a condition precedent to accrual or maintenance of her action against GEICO, to first obtain a settlement or verdict against Guevara, the insured, for a cause of action that is covered by the policy between Guevara and GEICO.

By its terms, the nonjoinder statute, and its mandatory condition precedent, is inapplicable to first-party bad-faith claims; it is instead limited to cases, such as this, which involve a third party (such as Martinez, who is not an insured under the policy) seeking to join an insurer in the underlying action before Martinez "first obtain[s] a settlement or verdict against a person [such as Guevara] who is an insured under the terms of the policy. . . ." Therefore, Seville Place is inapposite and Martinez's reliance upon it is misplaced.[3] Unlike first-party claims, premature and unaccrued third-party claims must be evaluated in light of the legislative mandate established by the plain language of the nonjoinder statute. That legislative mandate precludes Martinez from maintaining any cause of action against GEICO—indeed, precludes even the accrual of such a cause of action—until Martinez satisfies the compulsory condition precedent of obtaining a settlement or verdict against Guevara. This mandate would be rendered effectively meaningless by simply abating, rather than dismissing, Martinez's concededly

---

[3] In like fashion, Martinez's reliance on Citizens Property Insurance Corp. v. San Perdido Association, Inc., 104 So. 3d 344 (Fla. 2012) is inapplicable. San Perdido was a first-party rather than a third-party action, and did not involve application of the nonjoinder statute.

7

unaccrued and premature third-party bad-faith claim against GEICO. In fact, under subsection (2) of 627.4136, Martinez is declared to have no interest in the GEICO insurance policy until the condition precedent has been met, and therefore does not have standing at this time to file or maintain the third-party bad-faith claim against GEICO.

## **CONCLUSION**

We grant the petition because, under these circumstances, abatement (rather than dismissal) of a third-party bad-faith claim filed in contravention of the express requirements of the nonjoinder statute (section 627.4136, Florida Statutes (2016)) constitutes a departure from the essential requirements of law, and results in irreparable harm that cannot be remedied on appeal. We quash the trial court's order denying GEICO's motion to dismiss the premature third-party bad-faith claim and remand with instructions to enter an order dismissing that claim without prejudice.