**Donald GREGG, Sheryll Gregg, Jessie Gregg, and Gary Gregg, Plaintiffs,**

v.

**METROPOLITAN PROPERTY AND LIABILITY INSURANCE COMPANY, Defendant.**

**No. 84–1635–CIV–EPS.**

United States District Court, S.D. Florida, Miami Division.

Sept. 11, 1984.

Robert H. Wiggins, Miami Shores, Fla., for plaintiffs.

Gerald L. Bedford, Miami, Fla., for defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

SPELLMAN, District Judge.

THIS CAUSE comes before the Court on the Defendant METROPOLITAN PROPERTY AND LIABILITY INSURANCE COMPANY's Motion to Dismiss the Amended Complaint, filed on August 16, 1984. The Court having reviewed the record and being otherwise duly advised, it is hereby

ORDERED AND ADJUDGED that the motion is GRANTED and this cause is hereby DISMISSED.

Plaintiffs, the parents and brothers of the deceased, are residents of Florida. Defendant, the insurer of the homeowners in whose pool the deceased drowned, is incorporated in Rhode Island and does business in Dade County, Florida. The drowning incident occurred in Dade County, Florida.

The Plaintiffs assert in their Complaint that jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1332. The Defendant moves to dismiss the cause of action on three grounds, any of which would be successful: this Court lacks subject matter jurisdiction; the Plaintiff has failed to follow Florida Statute § 768.20 (1980); and the Plaintiff has failed to join an indispensable party.

█ It is well settled law that all plaintiffs and all defendants must have diversity of citizenship to satisfy the requirements of 28 U.S.C. § 1332. According to 28 U.S.C. § 1332(c), however, METROPOLITAN is deemed a citizen of the state of which the insured is a citizen. This section provides:

For the purposes of this section and section 1441 of this title, a corporation shall be deemed a citizen of any state by which it has been incorporated and of the state where it has its principal place of business: provided further, that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party defendant, such insurer shall be deemed a citizen of the state of which the insured is a citizen, as well as any state by which the insurer has been incorporated and of the state where it has its principal place of business.

In light of the statutory provisions, it appears that the Plaintiffs, the homeowners

(insured), and the Defendant insurance company are all citizens of Florida, thus negating any notion that diversity may exist in this case.

 Furthermore, it is clear that Florida law does not permit direct action suits against insurers. Florida Statute § 627.-7262 (1982) provides:

> It shall be a condition precedent to the accrual or maintenance of a cause of action against a liability insurer by a person not an insured under the terms of the liability insurance contract that such person shall first obtain a judgment against a person who is insured under the terms of the policy for a cause of action which is covered by such policy.

In *Newson v. Zurich*, 397 F.2d 280, 281–82 (5th Cir.1968), the court held that: "a 'direct action' statute is not to be used as a vehicle to get an insurer into federal court where both the plaintiff and the insured are residents of the same state." Not only have the Plaintiffs neither obtained nor sought a judgment against the insureds, thus precluding bringing suit against the insurer, but by failing to comply with Fla. Stat. § 627.7262, the Plaintiffs have no standing to use Fla.Stat. § 624.155 (1983) as a tool to recover from the insurer.

Finally, Florida's Wrongful Death Statute requires that suit be brought "by the personal representative, who shall recover for the benefit of the decedent's survivors and estate...." Fla.Stat. § 768.29 (1980). Plaintiffs have erroneously brought suit as the decedent's survivors, rather than in accord with statutory instructions.

The complaint and the amended complaint show that the Plaintiffs have neglected to read state and federal statutes carefully. By failing to obtain a judgment against the insureds prior to bringing suit against the insurer, the Plaintiffs are precluded from proceeding with this action as against the insurer under Florida law. And, had the Plaintiffs considered the provisions of 28 U.S.C. § 1332(c), they would have realized that this action was simply doomed from the start due to a lack of diversity of citizenship among the parties.

Based on the above and foregoing, this cause be and the same is hereby dismissed.