ERVIN, Judge.
Cincinnati Insurance Company (Cincinnati) has filed a petition for writ of common law certiorari, seeking review of a non-final order of the circuit court which denies Cincinnati’s motion to dismiss a complaint that joins it in a personal injury action. Finding that joinder of Cincinnati prior to obtaining a judgment against an insured violates Section 627.7262, Florida Statutes (1985), we issue the writ.
Respondents filed a request for information with petitioner pursuant to Section 627.7264, Florida Statutes (1985), providing that a liability insurance company shall furnish certain information to a claimant concerning the details of an insured’s coverage within thirty days of a request. Cincinnati failed to comply with the request until thirty-two days thereafter, when the information was dispatched by the petitioner to respondent’s attorney. Approximately one year later, respondents filed their personal injury action against both the insured and Cincinnati, and the latter moved to dismiss the action as to it, arguing that section 627.7262 prohibits joinder of an insurance company before a plaintiff receives “a judgment against a person who is an insured under the terms of such policy for a cause of action which is covered by such policy.” The court denied the motion to dismiss, linking section 627.7262 with section 627.7264, the latter requiring a liability insurer to provide a statement setting forth the details of an insurance policy within thirty days from a written request of a claimant with regard to insurance. The court concluded in its order that “when a carrier fails to comply with the Florida Statute, 627.7264, it waives its right not to be joined as a party defendant....”
Initially we observe that a writ of common law certiorari is the appropriate remedy for a liability insurance company seeking to bar its joinder in a personal injury action before the entry of a final judgment, as required by section 627.7262. Canadian Home Insurance Co. v. Norris, 471 So.2d 217 (Fla. 4th DCA 1985). In so saying, we also acknowledge that trial courts have the power to imply an appropriate remedy that may be necessary to secure the exercise of a right or duty imposed by statute — such as that in section 627.7264. 49 Fla.Jur.2d Statutes § 228 (1984). In our judgment, the power to imply a remedy necessary to enforce one statute does not, however, confer the power to ignore the plain meaning of another statute. A paramount rule of statutory construction is that “[wjhere the language of a statute is so plain and unambiguous as to fix the legislative intent and leave no room for construction, admitting of but one meaning, courts may not depart from the plain language employed by the legislature.” 49 Fla.Jur.2d Statutes § 121 (1984).
Section 627.7262 explicitly states as a “condition precedent to the ... maintenance of a cause of action against a liability insurer by a person not an insured under *1347 the terms of the liability insurance contract that such person shall first obtain a judgment against a person who is an insured under the terms of such policy....” While a trial court has the authority to compel a recalcitrant party to obey a statute, and to impose appropriate sanctions for the party’s failure to comply, it does not have the power to ignore or amend another statute in its creation of an implied remedy. The trial court’s consideration in pari materia of sections 627.7262 and 627.7264 ignores the unambiguous language of section 627.7262, forbidding joinder of an insurer prior to judgment, and therefore is a departure from the essential requirements of law.
The petition for writ of common law cer-tiorari is GRANTED and the order denying Cincinnati’s motion to dismiss is QUASHED.
MILLS and NIMMONS, JJ., concur.