524 So.2d 1167 (1988)
UNIVERSAL SECURITY INSURANCE COMPANY, INC., Petitioner,
v.
Robert SPREADBURY, Respondent.
No. 88-831.
District Court of Appeal of Florida, Second District.
May 18, 1988.
Scott W. Dutton and Frank B. Lieppe of Butler and Burnette, Tampa, for petitioner.
Joseph C. Whitelock of Zewadski & Whitelock, P.A., St. Petersburg, for respondent.
FRANK, Judge.
In its petition for writ of certiorari, Universal Security seeks review of an order denying its motion to dismiss. Notwithstanding the customary inability of a defendant to achieve appellate relief from an order denying a motion to dismiss, the present matter marks an exception to the rule; we have jurisdiction. Cincinnati Insurance Co. v. Moffett, 513 So.2d 1345 *1168 (Fla. 1st DCA 1987); Canadian Home Insurance Co. v. Norris, 471 So.2d 217 (Fla. 4th DCA 1985). For the reasons stated below, we grant the petition, quash the trial court's order, and remand with the direction that Universal Security's motion to dismiss be granted.
Spreadbury filed a personal injury action arising out of an automobile accident against Barbara and Dena Ann Curtis. He also named Universal Security, an insurance carrier, as a defendant. The complaint alleges that pursuant to section 627.7264, Florida Statutes (1985), Spreadbury was entitled to certain information from Universal Security which it failed to furnish upon request with the result that Universal Security's insulation from joinder as a defendant, a right provided by section 627.7262, Florida Statutes (1985), was overcome. Spreadbury's complaint also alleges that there is a question of whether the Curtises were insured by Universal Security, but it contains no allegation of the existence of a judgment against the Curtises as insureds under a Universal Security policy. In a separate count Spreadbury denominated his insurer as a defendant in the event the Curtises were not insured by Universal Security.
Universal Security responded to the complaint with a motion to dismiss based upon section 627.7262. The trial court denied the motion finding that it was unable to determine whether Universal Security was entitled to the benefit of section 627.7262. It appears that the trial court perceived the applicability of section 627.7262 to be dependent upon whether the Curtises were insured by Universal Security.
In pertinent part, section 627.7262 unambiguously provides that:
(1) It shall be a condition precedent to the accrual or maintenance of a cause of action against a liability insurer by a person not an insured under the terms of the liability insurance contract that such person shall first obtain a judgment against a person who is an insured under the terms of such policy for a cause of action which is covered by such policy.
(2) No person who is not an insured under the terms of a liability insurance policy shall have any interest in such policy, either as a third-party beneficiary or otherwise, prior to first obtaining a judgment against a person who is an insured under the terms of such policy for a cause of action which is covered by such policy.
We find nothing in the statute to deprive Universal Security of section 627.7262's shield from joinder because it did not comply with the disclosure requirements contained in section 627.7264. Moffett, 513 So.2d at 1346-1347. Moreover, the trial court's denial of Universal Security's motion to dismiss cannot be upheld on the basis of a factual issue associated with the Curtises' coverage. That question is to be resolved, if at all, between the Curtises and Universal Security, but not between Universal Security and Spreadbury. Under section 627.7262, Spreadbury, a third party, cannot maintain a cause of action against Universal Security to determine if such coverage exists.
Accordingly, we grant the petition for writ of certiorari, quash the trial court's order, and remand with the direction that that aspect of Spreadbury's complaint asserting a claim against Universal Security be dismissed.
RYDER, A.C.J., and LEHAN, J., concur.