591 So.2d 1126 (1992)
Samuel A. LUCENTE, Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., et al., Appellees.
No. 90-1053.
District Court of Appeal of Florida, Fourth District.
January 8, 1992.
*1127 Jeffrey M. Liggio, Liggio & Luckman, and Philip M. Burlington, Edna L. Caruso, P.A., West Palm Beach, for appellant.
Gail Leverett, Kubicki, Draper, Gallagher & McGrane, P.A., Miami, for appellees.
PER CURIAM.
Samuel Lucente brings this appeal from the trial court's order granting with prejudice State Farm's motion to dismiss. We affirm.
In March 1986, Lucente was injured in an automobile collision with an insured of State Farm. Lucente wrote a letter to State Farm in March 1988 asking for verification of the insured's liability insurance coverage. State Farm did not reply, nor did State Farm respond to the next two letters Lucente wrote to it in June and August 1988.
On October 3, 1988, Lucente wrote to State Farm for a reply to his earlier letters. State Farm responded to Lucente on October 17, 1988, and stated that it would refer the claim to the appropriate office for handling after it had determined the policy status of the insured at the time of the accident. Lucente did not hear from State Farm again, and in early December 1988 he wrote a final letter to State Farm demanding verification of insurance coverage. State Farm never provided Lucente with the information, and he filed a lawsuit against State Farm in March 1989. The following June, State Farm filed a motion to dismiss, which the court granted with prejudice.
Lucente appeals the trial court's order and raises two arguments. First, he claims section 627.7264 of the Florida Statutes provides him with an implicit cause of action against State Farm for not giving him the necessary insurance information within thirty days of his first request. Second, he claims section 624.155 of the Florida Statutes provides him with a cause of action against State Farm for its unfair claim settlement practices. State Farm, in contrast, contends that neither statute allows Lucente to bring a lawsuit against it without Lucente first receiving a judgment against the insured.

A. Section 627.7264
Section 627.7264 reads, in part:
(1) Each insurer which does or may provide liability insurance coverage to pay all or a portion of any claim which might be made shall provide, within 30 days of the written request of the claimant, ... the following information ...:
(a) The name of the insurer.
(b) The name of the insured.
(c) The limits of the liability coverage.
(d) A statement of any policy or coverage defense which such insurer reasonably believes is available to such insurer at the time of filing such statement.
(e) A copy of the policy.
Section 627.7264(1), Fla. Stat. (1989). The language in the statute is clear. State Farm was required to provide Lucente with the requested information. Despite Lucente's assertion, however, the statute does *1128 not contain an implicit cause of action for a third party against an insurance company. Section 627.7264 should not be read in solation. Section 627.7264 needs to be read together with section 627.7262, because section 627.7264 stems from the same act as section 627.7262. See, e.g., Schorb v. Schorb, 547 So.2d 985, 987 (Fla. 2d DCA 1989); Ch. 82-243, §§ 542-543, Laws of Fla. Section 627.7262 provides in pertinent part:
(1) It shall be a condition precedent to the accrual or maintenance of a cause of action against a liability insurer by a person not an insured under the terms of the liability insurance contract that such person shall first obtain a judgment against a person who is an insured under the terms of such policy for a cause of action which is covered by such policy.
(2) No person who is not an insured under the terms of a liability insurance policy shall have any interest in such policy, either as a third-party beneficiary or otherwise, prior to first obtaining a judgment against a person who is an insured under the terms of such policy for a cause of action which is covered by such policy.
Section 627.7262(1)-(2), Fla. Stat. (1989). According to section 627.7262, Lucente can only bring an action against State Farm for failing to comply with section 627.7264 after he obtains a judgment against the insured of State Farm. Insurance Co. of N. Am. v. Whatley, 558 So.2d 120, 122 (Fla. 5th DCA 1990); Universal Sec. Ins. Co. v. Spreadbury, 524 So.2d 1167, 1168 (Fla. 2d DCA 1988); Cincinnati Ins. Co. v. Moffett, 513 So.2d 1345, 1346-47 (Fla. 1st DCA 1987). Because Lucente had not received a judgment against the insured, he did not have standing to sue State Farm. Therefore, the trial court properly granted the motion to dismiss.

B. Section 624.155
Lucente also maintains that section 624.155 provides him with a right to sue State Farm for its failure to comply with section 626.9541(1)(i), Florida Statutes (1989). Section 624.155 provides in part:
(1) Any person may bring a civil action against an insurer when such person is damaged:
(a) By a violation of any of the following provisions by the insurer:
1. Section 626.9541(1)(i) [unfair claim settlement practices], (o) [illegal dealings in premiums; excess or reduced charges for insurance], or (x) [refusal to insure]... .
Section 624.155(1), Fla. Stat. (1989). As with section 627.7264, section 624.155 stems from the same act and must be read along with section 627.7262. See, e.g., Schorb, 547 So.2d at 987; Ch. 82-243, §§ 9, 542, Laws of Fla. Consequently, for Lucente to be able to sue State Farm under section 624.155, he must first obtain a judgment against the insured. Because Lucente had not complied with section 627.7262, he did not have standing to sue State Farm and the trial court properly granted the motion to dismiss. Fortson v. Saint Paul Fire & Marine Ins. Co., 751 F.2d 1157, 1160-61 (11th Cir.1985); Gregg v. Metropolitan Prop. & Liab. Ins. Co., 595 F. Supp. 529, 531 (S.D.Fla. 1984); Cardenas v. Miami-Dade Yellow Cab Co., 538 So.2d 491, 494-96 (Fla. 3d DCA), rev. dismissed, 549 So.2d 1013 (Fla. 1989).
In summary, because neither section 627.7264 nor section 624.155 of the Florida Statutes permits Lucente to sue State Farm until he receives a judgment against the insured, we affirm the trial court's order dismissing with prejudice Lucente's amended complaint.
DOWNEY and GUNTHER, JJ., and WALDEN, JAMES H., Senior Judge, concur.