621 So.2d 764 (1993)
H. Paul HETT, Appellant,
v.
MADISON MUTUAL INSURANCE COMPANY, INC., Catherine Korobey, and William Korobey, Appellees.
No. 92-03788.
District Court of Appeal of Florida, Second District.
July 9, 1993.
Rehearing Denied August 9, 1993.
*765 H. Paul Hett, pro se.
David J. Lonigro of Haas, Austin, Ley, Roe & Patsko, P.A., Tampa, for appellee Madison Mut. Ins. Co., Inc.
No appearance by Catherine and William Korobey.
PATTERSON, Judge.
H. Paul Hett appeals from the final order dismissing his complaint against Madison Mutual Insurance Company with prejudice. Madison Mutual was not properly joined as a party in this negligence action; therefore, we affirm the dismissal of the complaint. However, we reverse the portion of the order dismissing with prejudice, since the cause of action against Madison Mutual has not yet accrued under section 627.7262(1), Florida Statutes (1987).[1]
On November 20, 1987, Hett was involved in an automobile accident with a car driven by Catherine Korobey and owned by her father, William Korobey. Madison Mutual insured Mr. Korobey's vehicle. Thereafter, Hett was incarcerated in the state prison system. In November 1991, he filed an automobile negligence action, pro se, against the Korobeys in which he joined Madison Mutual as a defendant. Hett mailed the complaint to the Circuit Court of the Thirteenth Judicial Circuit and it was filed on November 22, 1991. Madison Mutual moved to dismiss the complaint on the grounds that the four-year statute of limitations applicable to automobile negligence actions had run and that it could not be joined in the initial action under section 627.7262(1), Florida Statutes (1987). The trial court dismissed the action as to Madison Mutual with prejudice.
The trial court based its decision to dismiss the complaint with prejudice on *766 the ground that the action was time barred.[2] This was error since no limitation period was running with regard to Madison Mutual as a result of this accident. By its very terms, section 627.7262(1) provides that a cause of action against the insurer does not accrue until a settlement is reached or a verdict is rendered against the insured. See Lucente v. State Farm Mut. Auto. Ins. Co., 591 So.2d 1126 (Fla. 4th DCA), review denied, 601 So.2d 552 (Fla. 1992). The dismissal was proper, however, in that Hett has not fulfilled the condition precedent of first obtaining a judgment against Mr. Korobey before bringing an action against Madison Mutual. Therefore, we affirm the dismissal, but reverse and remand to the trial court for the entry of an order reflecting the dismissal to be without prejudice.
SCHOONOVER, A.C.J., and ALTENBERND, J., concur.
NOTES
[1] 627.7262 Nonjoinder of insurers. 

(1) It shall be a condition precedent to the accrual or maintenance of a cause of action against a liability insurer by a person not an insured under the terms of the liability insurance contract that such person shall first obtain a settlement or verdict against a person who is an insured under the terms of such policy for a cause of action which is covered by such policy.
[2] The statute of limitations cannot be raised as an affirmative defense in a motion to dismiss unless the running of the statute appears on the face of the complaint or its attachments. Alexander Hamilton Corp. v. Leeson, 508 So.2d 513 (Fla. 4th DCA 1987). That would appear to be the case here; the complaint shows that it was filed four years and two days from the date of the accident. However, as a prison inmate, Hett enjoys the unique benefit of what is referred to as the "mailbox rule." Under that rule, a pleading is deemed filed when the inmate turns the document over to agents of the state for processing. See Haag v. State, 591 So.2d 614 (Fla. 1992); Little v. Little, 616 So.2d 1179 (Fla. 1st DCA 1993). In cases as such this, it is necessary for the trial court to hold an evidentiary hearing to determine if the complaint was in fact delivered by the inmate to the agents of the state within the applicable statute of limitations.