**ALLSTATE INSURANCE COMPANY, Plaintiff,**

v.

**Brandi STANLEY et al., Defendants.**

**No. 8:03–CV–1154–T–23EAJ.**

United States District Court, M.D. Florida, Tampa Division.

Aug. 25, 2003.

Ronald L. Kammer, Hinshaw & Culbertson, Miami, FL, for Plaintiff.

Dale M. Swope, Shea T. Moxon, Gary Weisman, Swope Law Group, P.A., Tampa, FL, Gregory J. Perenich, Law Office of Gregory J. Perenich, Clearwater, FL, Frederick Dyer Page, Holland & Knight LLP, Jacksonville, FL, Jerry Alan Setchel, Barr, Murman, Tonelli, Slother & Sleet, Tampa, FL, for Defendants.

## ORDER

MERRYDAY, District Judge.

The defendants counterclaim for a declaratory judgment that certain Allstate Insurance Company ("Allstate") policies provide coverage for the defendants' claims of emotional distress in underlying state court actions by the defendants against several of Allstate's insureds (Doc. 3). Allstate moves to dismiss the counterclaim and argues that section 627.4136(1), Florida Statutes, bars the counterclaim (Doc. 11).[1] The defendants oppose the motion and argue that section 627.4136(1) is procedural and thus inapplicable in a federal action founded on diversity jurisdiction (Doc. 14).

*McMahan v. Toto,* 256 F.3d 1120, 1131 (11th Cir.2001), describes the inquiry undertaken by federal courts to determine whether state or federal law governs in a diversity action:

> As a federal court exercising diversity jurisdiction, we engage in a two-step inquiry .... In the first step, we determine whether the matter at hand is procedural or substantive for *Erie R.R. Co. v. Tompkins* purposes. If the matter is procedural then federal law will apply; but if the matter is substantive, then we will apply the law of the forum state.

No federal court has opined whether section 627.4136(1), Florida Statutes, is substantive or procedural. However, the Florida Supreme Court has declared section 627.4136(1) substantive in *VanBibber v. Hartford Accident and Indem. Ins. Co.,* 439 So.2d 880, 882–83 (Fla.1983) (holding that section 627.4136, which embodies the legislature's intent "to modify the third-party beneficiary concept adopted by this Court in *Shingleton v. Bussey* [citation omitted] to provide that an injured party has no beneficial interest in a liability policy until that person has first obtained a judgment against an insured," is "substantive."). The fact that section 627.4136(1)'s enactment eliminated a right of action formerly held by injured parties further reinforces section 627.4136(1)'s substantive nature. *See All Underwriters v. Weisberg,* 222 F.3d 1309, 1312 (11th Cir.2000). Accordingly, the Court must apply section 627.4136(1) in this action.

---

1. "It shall be a condition precedent to the accrual or maintenance of a cause of action against a liability insurer by a person not an insured under the terms of the liability insurance contract *that such persons shall first obtain settlement or verdict against a person who is an insured under the terms of such policy* for a cause of action which is covered by such policy." Fla. Stat. § 627.4136(1) (Emphasis added).

Pursuant to section 627.4136(1), the defendants cannot sue Allstate for a declaratory judgment until the defendants have obtained a settlement or judgment in the underlying state court actions against Allstate's insureds. *See, e.g., Hett v. Madison Mut. Ins. Co., Inc.,* 621 So.2d 764, 766 (Fla. 2d DCA 1993); *Tomlinson v. State Farm Fire & Cas. Co.,* 579 So.2d 211, 212 (Fla. 2d DCA 1991)(section 627.4136(1) "applies to declaratory judgment actions against insurers"); *Gregg v. Metropolitan Prop. and Liab. Ins. Co.,* 595 F.Supp. 529, 531 (S.D.Fla.1984). Accordingly, Allstate's motion to dismiss (Doc. 11) is **GRANTED,** and the defendants' counterclaim (Doc. 3) is **DISMISSED.**