GROSS, J.
We hold that the trial court properly-dismissed a declaratory judgment action against a liability insurer where the plaintiff failed to comply with the statutory condition precedent contained in section 627.4136, Florida Statutes (2006).
Dollar Systems, Inc. operates a rental car company. C.A. Fernstouristik (“CAF”) markets tour packages to Europeans traveling in the United States. Dollar entered into an agreement with CAF under which it provided vehicles to European tourists at a reduced rate in exchange for CAF promoting Dollar to its clients. Elvia is a European liability insurer that issued policies covering the tourists who rented vehicles from Dollar.
Some of the tourist renters were involved in accidents. The dispute in this case concerns the priority of coverage between two of Dollar’s insurance policies and those issued by Elvia.
Dollar is insured through Chrysler Insurance Company under three policies. The first is a business auto insurance policy with minimum liability limits of $10,000. This policy provides coverage to both the tourist renters and Dollar Systems. All parties agree that this policy provides the primary layer of insurance coverage for both Dollar Systems and the renters.
It is as to the two remaining Chrysler policies that a dispute exists. Both are excess policies; both exclude renters as insureds. Dollar contends that Elvia should provide the second layer of coverage, and not the two Chrysler excess policies.
Dollar sued Elvia for declaratory relief in the circuit court. The primary issue in the lawsuit was for the court to determine whether Chrysler or Elvia was responsible for the second layer of coverage when a tourist insured by Elvia was involved in an accident while driving a Dollar vehicle. The circuit court granted Elvia’s motion to dismiss.
As Elvia contends, dismissal of the declaratory action was proper under section 627.4136,[1] which provides in pertinent part:
(1) It shall be a condition precedent to the accrual or maintenance of a cause of action against a liability insurer by a person not an insured under the terms of the liability insurance contract that such person shall first obtain a settlement or vei'dict against a person who is an insured under the terms of such policy for a cause of action which is covered by such policy.
(2) Notwithstanding subsection (1), any insurer who pays any taxable costs or attorney’s fees which would be recoverable by the insured but for the fact that such costs or fees were paid by the insurer shall be considered a party for the purpose of recovering such fees or costs. No person who is not an insured *449 under the terms of a liability insurance policy shall have any interest in such policy, either as a third-party beneficiary or otherwise, prior to first obtaining a settlement or verdict against a person who is an insured under the terms of such policy for a cause of action which is covered by such policy.
Dollar is not an insured under Elvia’s insurance contract with the German tourists. Dollar has neither obtained a verdict against nor settled with any of the German tourists.[2] Therefore, Dollar has not complied with the statutory condition precedent to maintaining an action against a liability insurer, so that dismissal was proper. See Universal Sec. Ins. Co. v. Spreadbury, 524 So.2d 1167 (Fla. 2d DCA 1988) (holding dismissal of suit against insurance company proper when third party brought suit against tortfeasor’s insurance company without complying with the condition precedent of section 627.7262).
To avoid the application of section 627.4136, Dollar cites a number of cases, but they are distinguishable. In some cases, the application of the statute was not raised. See United States Fire Ins. Co. v. Transp. Cas. Ins. Co., 747 So.2d 404 (Fla. 4th DCA 1999); Gov’t Employees Ins. Co. v. Ford Motor Credit Co., 616 So.2d 1186 (Fla. 4th DCA 1993); Gen. Accident Ins. Co. of Am. v. S. Ins. Co., 563 So.2d 186 (Fla. 5th DCA 1990); Canal Ins. Co. v. Cont’l Cas. Co., 489 So.2d 136 (Fla. 2d DCA 1986); Cole v. Se. Fid. Ins. Co., 469 So.2d 925 (Fla. 3d DCA 1985); Sentry Indem. Co. v. Hartford Accident & Ins. Co., 425 So.2d 652 (Fla. 5th DCA 1983). In some cases, the question of the priority of insurance coverage was addressed in the context of lawsuits where the insured was a party. See Gen. Accident, 563 So.2d at 186; Cole, 469 So.2d at 926; Sentry Indem., 425 So.2d at 653. In United States Fire, the declaratory action as to priority of insurance coverage ran parallel to the underlying wrongful death action where all insureds were parties.
Dollar contends that General Star Indemnity Co. v. Boran Craig Barber Engle Construction Co., 895 So.2d 1136 (Fla. 2d DCA 2005), permits its declaratory judgment action, but we do not read the case that broadly. There, a general contractor sued a sprinkler subcontractor for damages at a construction project. In a separate count, the general contractor sought a declaratory judgment on coverage against the subcontractor’s liability insurer. Unlike this case, the general contractor’s complaint “maintained that it was an additional insured” under the liability policy, so the second district treated the claim as one against the general contractor’s “own insurer for coverage.” Id. at 1137. Nonetheless, the second district quashed the circuit court’s order denying the insurance company’s motion to sever and stay the declaratory action. The court recognized that absent the “additional insured” allegation, section 627.4136 would have barred the action, since “[a]n injured person has no beneficial interest in the wrongdoer’s liability policy until a judgment is entered against the insured.” Id. at 1138.

Affirmed.

WARNER and KLEIN, JJ., concur.

. Chapter 92-318, section 37, Laws of Florida (1992), renumbered this section from section 627.7262. The section was enacted in 1976 and provided that “[n]o motor vehicle liability insurer shall be joined as a party defendant in an action to determine the insured's liability.... ” It was amended in 1982 and again in 1990. The 1982 version of the statute required resolution against the insured in the form of a settlement or verdict prior to suing the insurer. Thereafter, section 627.7262, Florida Statutes (Supp.1982) required resolution against the insured in the form of a judgment. See VanBibber v. Hartford Accident & Indem. Ins. Co., 439 So.2d 880 (Fla.1983). The statute was again amended in 1990 to no longer require the entry of a judgment prior to a third party filing a claim against an insurer.

. The allegation in the second amended complaint that Dollar had settled claims "on behalf” of Elvia’s insureds does not comply with the statutory requirement that a person not insured must “first obtain a settlement or verdict against” an insured. See § 627.4130(1), Fla. Stat. (2006).