MORRIS, Judge.
 

 Southern Owners Insurance Company petitions for a writ of certiorari to quash the order denying its motion to dismiss the declaratory judgment action brought by Diane L. Mathieu and John R. Math-ieu, individually as well as in their status as co-trustees of the Diane L. Mathieu Revocable Trust and as parents and natural guardians of Hailey Hunter Mathieu and Shelby Lynn Mathieu. This appeal arises out of construction defect litigation between the Mathieus and various other parties including Innovative Flooring & Stonecrafters of SWF, Inc. Because Innovative is insured through Southern Owners, the Mathieus filed their declaratory judgment action to determine whether their claims were covered by the insurance policy. We hold that because the Mathieus failed to obtain a settlement with or a verdict against Innovative prior to the filing of their declaratory judgment action, the Mathieus failed to meet the presuit requirements set forth in section 627.4136(1), Florida Statutes (2009), and that the trial court departed from the essential requirements of the law by failing to dismiss the action.
 

 I. Background
 

 In June 2006, the Mathieus learned of the existence of substantial water intrusion affecting the rear decks of their home. They subsequently filed suit and asserted a negligence claim against Innovative. The Mathieus learned that section (1) of the commercial general liability coverage form of the insurance policy stated as follows: “We will pay those sums that the insured becomes legally obligated to pay as damages because of ‘bodily injury’ or ‘property damage’ to which this insurance applies.” In order to determine whether that provision would include coverage for their negligence claim against Innovative, the Mathieus filed their separate declaratory judgment action against Southern Owners.
 

 Southern Owners moved to dismiss the declaratory judgment action arguing in relevant part that section 627.4136, known as the nonjoinder statute, precluded the action. Southern Owners asserted that because the Mathieus were not named insureds under the policy and because they had not obtained a settlement with or verdict against someone who was a named insured, the declaratory judgment action was prematurely filed.
 

 The trial court, however, held that the declaratory judgment action was not barred because the purpose of the nonjoin-der statute was to provide a mechanism to enforce settlements and because the declaratory judgment statutes were specifically designed to allow litigants to clarify their rights. Consequently, the trial court denied the motion to dismiss.
 

 II. Analysis
 

 In order to obtain a writ of cer-tiorari, a petitioner must establish “[] a departure from the essential requirements of the law, [which results] in material inju
 
 *1158
 
 ry for the remainder of the trial [and which] cannot be corrected on post-judgment appeal.”
 
 Parkway Bank v. Fort Myers Armature Works, Inc.,
 
 658 So.2d 646, 648 (Fla. 2d DCA 1995). Irreparable harm must be established before this court can proceed to determine whether the trial court departed from the essential requirements of the law.
 
 See id.
 
 at 649.
 

 Generally, a party may not obtain a writ of certiorari to quash an order denying a motion to dismiss.
 
 See Universal Sec. Ins. Co. v. Spreadbury,
 
 524 So.2d 1167, 1167 (Fla. 2d DCA 1988). But where an insurer asserts that the presuit requirements of section 627.4136 have not been met, certiorari review is appropriate.
 
 See id.; Cincinnati Ins. Co. v. Moffett,
 
 513 So.2d 1345, 1346 (Fla. 1st DCA 1987). We believe that the irreparable harm in such cases arises from the fact that an insurer is being forced to litigate an action brought by a third-party plaintiff which would be barred if, in fact, the requirements of section 627.4136 have not been met.
 

 In addressing whether the trial court departed from the essential requirements of the law, we look to the presuit requirements as set forth in the nonjoinder statute. Section 627.4136 provides in relevant part:
 

 (1) It shall be a condition precedent to the accrual or maintenance of a cause of action against a liability insurer by a person not an insured under the terms of the liability insurance contract that such person shall first obtain a settlement or verdict against a person who is an insured under the terms of such policy for a cause of action which is covered by such policy.
 

 (2) ... No person who is not an insured under the terms of a liability insurance policy shall have any interest in such policy, either as a third-party beneficiary or otherwise, prior to first obtaining a settlement or verdict against a person who is an insured under the terms of such policy for a cause of action which is covered by such policy.
 

 Here, it is undisputed that the Mathieus have not obtained a settlement with or verdict against Innovative. Consequently, the Mathieus did not yet have a beneficial interest in Innovative’s liability policy,
 
 see Gen. Star Indem. Co. v. Boran Craig Barber Engel Constr. Co.,
 
 895 So.2d 1136, 1138 (Fla. 2d DCA 2005), and their declaratory judgment action should have been dismissed,
 
 see Dollar Syss., Inc. v. Elvia,
 
 967 So.2d 447, 449 (Fla. 4th DCA 2007).
 

 We reject the Mathieus’ arguments that certiorari relief is not warranted because
 
 Universal Security Insurance Co.
 
 was decided before section 627.4136 was amended or because courts have recognized that
 
 insurers
 
 can bring declaratory judgment actions against their insured prior to a determination of liability. The statutory amendment does not affect the application of
 
 Universal Security Insurance Co.
 
 to this case,
 
 [1]
 
 and any inequity resulting from the fact that insurers are protected by a
 
 *1159
 
 nonjoinder statute must be addressed by the legislature.
 

 We likewise reject the Mathieus’ argument that because their declaratory judgment action was initiated in a separate proceeding from the underlying negligence action, it was not subject to dismissal. Section 627.4136(1) expressly states that a cause of action against an insurance company by a party who is not its insured does not
 
 accrue
 
 until a settlement or verdict has been obtained. To allow a party to avoid the application of section 627.4136 by merely instituting a separate action would result in insurers having to litigate claims which have not yet accrued and for which the insurer might ultimately bear no liability. Such an interpretation would nullify the protection offered by section 627.4136. We therefore hold that where an injured third-party brings a declaratory judgment action against an insurer prior to obtaining a settlement with or verdict against the insured, the action must be dismissed.
 
 See
 
 § 627.4136;
 
 Dollar Syss., Inc.,
 
 967 So.2d at 449. The trial court’s failure to do so in the instant case was therefore a departure from the essential requirements of the law.
 

 We grant the petition for certiorari and quash the order denying Southern Owners’ motion to dismiss.
 

 SILBERMAN, C.J., and BLACK, J., Concur.
 

 [1]
 

 . Originally, section 627.7262 — which eventually was renumbered to section 627.4136— provided that an injured party had to obtain a judgment against the insured before it could move to add the insurer to the action.
 
 See
 
 § 627.7262, Fla. Stat. (Supp. 1982). The 1990 amendment removed the judgment requirement and replaced it with the requirement that an injured party had to obtain a settlement with or verdict against the insured.
 
 See
 
 ch. 90-119, § 38, at 393, Laws of Fla.;
 
 see also Hazen v. Allstate Ins. Co.,
 
 952 So.2d 531, 535-36 (Fla. 2d DCA 2007) (discussing different versions of the nonjoinder statute and how the amendments affected pending litigation procedure). The amendment has no bearing on this case because it is undisputed that the Mathieus had not obtained a settlement with or verdict against Innovative at the time they filed the declaratory judgment action against Southern Owners.