WELLS, Judge.
Lantana Insurance, LTD, seeks certio-rari review of an interlocutory order denying its motion to dismiss a third-party complaint for declaratory judgment. Because the conditions mandated by section 627.4136 of the Florida Statutes have not been met, we grant the writ and quash the order denying dismissal.
Lantana is one of two insurance companies providing homeowners’ insurance to Jean Thornton who allegedly, while walking a friend’s dog, “clothes-lined” Markha-mat Abdujalalova with the dog’s leash as Abdujalalova rode by on a motor scooter. Abdujalalova and her husband, Robert Dean, sued Thornton for negligence. Both *251 Lantana and Thornton’s other insurer, Alfa Insurance, denied coverage and Alfa brought a separate action to secure a declaration regarding coverage. When Lan-tana failed to join in this action or to bring a separate declaratory judgment action, Abdujalalova and her husband filed a third party complaint against Lantana in Alfa’s declaratory judgment action.
Lantana moved to dismiss the third party complaint arguing that section 627.4136 barred such third party claims absent a settlement or verdict against an insured. That provision expressly provides:
It shall be a condition precedent to the accrual or maintenance of a cause of action against a liability insurer by a person not an insured under the terms of the liability insurance contract that such person shall first obtain a settlement or verdict against a person who is an insured under the terms of such policy for a cause of action which is covered by such policy.
§ 627.4136(1), Fla. Stat. (2011).
The motion was denied and the action abated instead.
Generally, certiorari will not lie to address an order denying a motion to dismiss. See S. Owners Ins. Co. v. Mathieu, 67 So.3d 1156, 1158 (Fla. 2d DCA 2011); see also Universal Sec. Ins. Co. v. Spreadbury, 524 So.2d 1167, 1167 (Fla. 2d DCA 1988). However, when an insurer demonstrates that the pre-suit requirements of section 627.4136 have not been met, certiorari review of an order denying a motion to dismiss is appropriate. Mathieu, 67 So.3d at 1158 (“[Wjhere an insurer asserts that the presuit requirements of section 627.4136 have not been met, certio-rari review is appropriate. ... [T]he irreparable harm in such cases arises from the fact that an insurer is being forced to litigate an action brought by a third-party plaintiff which would be barred if, in fact, the requirements of section 627.4136 have not been met.”); see Spreadbury, 524 So.2d at 1167 (confirming that certiorari was appropriate to review an order denying a motion to dismiss a complaint where the conditions precedent to accrual of a cause of action set forth in the predecessor to section 627.4136 had not been met); accord Cincinnati Ins. Co. v. Moffett, 513 So.2d 1345, 1346 (Fla. 1st DCA 1987).
It is undisputed that Abdujalalova and her husband have not obtained a settlement with or verdiet against Thornton. They therefore have no beneficial interest in Thornton’s policy with Lantana and no cause of action against Lantana has accrued. See Mathieu, 67 So.3d at 1158-59; Gen. Star Indem. Co. v. Boran Craig Barber Engel Constr. Co., 895 So.2d 1136, 1138 (Fla. 2d DCA 2005). The third party complaint should, therefore, have been dismissed.
Accordingly, the petition for writ of cer-tiorari is granted and the trial court’s order denying Lantana’s motion to dismiss and abating that action is quashed.