WALLACE, Judge.
Star Insurance Company (Star) petitions for review by certiorari of an order denying its motion to dismiss an action for a declaratory judgment brought by Jorge L. Dominguez, as Personal Representative of the Estate of Darcia Lynn Dominguez, deceased, to determine the nature and extent of coverage under a liability insurance policy issued by Star to Hillsborough County (the County). Because Mr. Dominguez has not met the conditions precedent of the nonjoinder statute, section 627.4136, Florida Statutes (2012), we grant the writ and quash the order denying the motion to dismiss.
I. THE FACTS AND PROCEDURAL BACKGROUND
On February 6, 2010, Darcia Lynn Dominguez was killed after the vehicle that she was driving struck a tractor-trailer rig owned and operated by the County. Star had issued a public entity excess liability insurance and excess worker’s compensation insurance policy to the County. The policy was in effect from October 1, 2009, to October 1, 2010. The policy provided for excess automobile coverage above the County’s limit of liability under sovereign immunity.[1] The excess coverage was subject to a self-insured retention (the SIR) of $350,000 per occurrence.
In April 2013, Mr. Dominguez filed a first amended complaint against the County and Star. The first amended complaint included two counts. In the first count, Mr. Dominguez asserted a wrongful death claim against the County. The second count sought a declaratory judgment concerning the applicability, interpretation, and enforceability of the policy’s SIR and whether the policy’s excess coverage is available on the wrongful death claim. It is undisputed that Mr. Dominguez has not obtained a judgment against the County on the wrongful death claim and that the claim has not been settled.
Star moved to dismiss count two of the first amended complaint on several grounds, including the nonoccurrence of the conditions precedent of the nonjoinder statute. At a hearing on the motion, counsel for Mr. Dominguez acknowledged that the purpose of count two was to obtain a determination of coverage — before the oc *692 currence of a judgment or settlement— under the County’s policy issued by Star. Counsel explained to the circuit court, “We’re asking for a declaratory judgment that says under the policy and Florida law, “You, the County, and you, the plaintiff, may enter into that settlement within policy limits. And the County, you have not waived your coverage.’ ” Counsel for Star argued that, on the undisputed facts, the nonjoinder statute required the dismissal of count two of the first amended complaint. However, the circuit court declined to dismiss count two. In the order under review, the circuit court denied Star’s motion to dismiss count two and instead severed count two from the wrongful death claim. Star’s petition for a writ of'certio-rari followed.
II. DISCUSSION
Here, Star argues that the circuit court’s denial of its motion to dismiss Mr. Dominguez’s action to determine the question of coverage in the face of the undisputed nonoccurrence of the conditions precedent of the nonjoinder statute constitutes a departure from the essential requirements of the law. Star argues further that it will suffer irreparable harm by reason of the circuit court’s order because it will be required to defend an action that should be barred by the nonjoinder statute. We agree. See S. Owners Ins. Co. v. Mathieu, 67 So.3d 1156, 1158 (Fla. 2d DCA 2011); Universal Sec. Ins. Co. v. Spreadbury, 524 So.2d 1167, 1168 (Fla. 2d DCA 1988) (construing the 1985 version of the nonjoinder statute, which was then numbered as section 627.7262); Lantana Ins., Ltd. v. Thornton, 118 So.3d 250, 251 (Fla. 3d DCA 2013); see also Dollar Sys., Inc. v. Elvia, 967 So.2d 447, 449 (Fla. 4th DCA 2007) (affirming the dismissal of an action brought by a third party against an insurer to determine coverage issues where neither of the conditions of the nonjoinder statute had been satisfied).
Mr. Dominguez makes two arguments in support of the circuit court’s order.[2] First, he contends that Star cannot satisfy the jurisdictional prerequisite of irreparable harm because the severance of count two from the wrongful death action will prevent the jury from learning about the existence of the County’s insurance coverage. We rejected a similar argument in Mathieu:
We likewise reject the Mathieus’ argument that because their declaratory judgment action was initiated in a separate proceeding from the underlying negligence action, it was not subject to dismissal. Section 627.4136(1) expressly states that a cause of action against an insurance company by a party who is not its insured does not accrue until a settlement or verdict has been obtained. To allow a party to avoid the application of section 6274136 by merely instituting a separate action would result in insurers having to litigate claims which have not yet accrued and for which the insurer might ultimately bear no liability. Such an interpretation would nullify the protection offered by section 6274136.
67 So.3d at 1159 (second emphasis added). Moreover, the cases upon which Mr. Dominguez relies in support of the circuit court’s order all involve actions brought by insureds, not strangers to the insurance contract such as Mr. Dominguez.
Second, Mr. Dominguez argues “that Star has waived this condition precedent *693 [of the nonjoinder statute] by its own actions and conduct that have prevented [Mr.] Dominguez and the County from entering into a settlement.” We reject this waiver argument because it is unsupported by any authority and is inconsistent with the language and the purpose of the non-joinder statute. Star did not waive the protection of the nonjoinder statute. On the contrary, Star timely asserted its rights by moving to dismiss count two of the first amended complaint.
III. CONCLUSION
The circuit court’s order denying Star’s motion to dismiss the declaratory judgment action brought against it by Mr. Dominguez constitutes a departure from the essential requirements of the law causing irreparable harm to Star that cannot be remedied on appeal. Accordingly, we grant the petition and quash the circuit court’s order, and remand for further proceedings consistent with this opinion.
Petition granted; order quashed.
KHOUZAM and BLACK, JJ., Concur.

. See § 768.28(5), Fla. Stat. (2009). We cite to the 2009 version of section 768.28(5) because it was in effect when the cause of action accrued. Differently, we cite the 2012 version of the nonjoinder statute because it was in effect when Mr. Dominguez filed the first amended complaint that includes the action against Star for a declaratory judgment.

. The County has filed a response to the petition criticizing Star’s interpretation of the policy. Along with Mr. Dominguez, the County urges us to deny Star’s petition. Notably, the County itself has not filed an action against Star to obtain a declaratory judgment concerning the County's rights and obligations under the policy.