IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

INTERNATIONAL SPECIAL EVENTS AND
RECREATION ASSOCIATION, INC., PRIME
INSURANCE COMPANY AND CERTAIN
UNDERWRITERS AT LLOYD'S LONDON
SUBSCRIBING TO POLICY NUMBER LAP0334,

      Petitioners,

 v.                           Case No.  5D16-4021

MATTHEW BELLINA AND SURF SLIDE, LLC,

      Respondents.

_____/

Opinion filed April 28, 2017

Petition for Certiorari Review
of Order from the Circuit Court
for Brevard County,
George B. Turner, Judge.

Erin M. Raschke, Matthew L. Litsky, and
Sarah B. Van Schoyck, of Phelps Dunbar
LLP, Tampa, and Elizabeth K. Russo, of
Russo Appellate Firm, P.A, Miami and
Green & Ackerman, P.A., Boca Raton, for
Petitioners.

Robert P. Major, of Ver Ploeg & Lumpkin,
P.A., Orlando, for Respondent Matthew
Bellina.

No appearance for other respondents.

PALMER, J.

International Special Events and Recreation Association, Inc. (ISERA), Prime Insurance Company (Prime), and Certain Underwriters at Lloyd's London Subscribing to Policy Number LAP0334 (Underwriters) (collectively, Insurers), filed a petition seeking a writ of certiorari quashing the disposition portion of the circuit court's order which addressed their respective motions to dismiss the complaint for declaratory relief filed by Respondent, Matthew Bellina (Bellina). We grant the petition and quash the disposition portion of the trial court's order.

Bellina filed a personal injury lawsuit against Surf Slide, contending that he was injured, in part, as a result of Surf Slide's negligence. While that suit was pending, Bellina filed a Complaint for Declaratory Relief alleging, in pertinent part, that:

> [a]s a third party beneficiary under the [Insurance] Policy [issued by Insurers to Surf Slide], Matthew Bellina is entitled to bring this action in this Court, to obtain a judicial declaration resolving the question whether the [Insurance] Policy issued by the [Insurers] to Surf Slide provides coverage to Surf Slide for Matthew Bellina's bodily injury claim and suit against Surf Slide.

The complaint acknowledged the existence of Florida's Nonjoinder Statute, section 627.4136, Florida Statutes (2016), which provides, in pertinent part:

> 627.4136. Nonjoinder of Insurers
>
> (1) It shall be a condition precedent to the accrual or maintenance of a cause of action against a liability insurer by a person not an insured under the terms of the liability insurance contract that such person shall first obtain a settlement or verdict against a person who is an insured under the terms of such policy for a cause of action which is covered by such policy.
>
> (2) . . . No person who is not an insured under the terms of a liability insurance policy shall have any interest in such policy, either as a third-party beneficiary or otherwise, prior to first obtaining a settlement or verdict against a person who is an

2

insured under the terms of such policy for a cause of action which is covered by such policy.

However, the complaint averred that section 627.4136 did not apply to the instant law suit because Insurers are surplus lines insurers governed by section 626.913(4) of the Florida Statutes (2016). That statute provides:

**626.913 Surplus Lines Law; short title; purposes**

. . . .

(4) Except as may be specifically stated to apply to surplus lines insurers, the provisions of chapter 627 do not apply to surplus lines insurance . . .

Insurers filed motions to dismiss the complaint, arguing that Bellina had no right or standing to file a suit raising insurance coverage issues given his failure to comply with the presuit requirements of section 627.4136. Upon review, the trial court correctly held that the language of section 627.4136 is sufficiently specific to apply to actions brought against surplus lines insurers pursuant to section 626.913(4) and, as such, Bellina must comply with the conditions precedent of section 627.4136(1) before he can pursue an action against Insurers. Yet, instead of granting Insurers' motions to dismiss, the court denied the motions and abated/stayed Bellina's action pending his compliance with section 627.4136(1).

Insurers filed a petition for writ of certiorari, seeking to quash the disposition portion of the trial court's order, arguing that the disposition should have been dismissal. We agree.

Generally, a party may not obtain a writ of certiorari to quash an order denying a motion to dismiss. See Universal Sec. Ins. Co. v. Spreadbury, 524 So. 2d 1167, 1167 (Fla. 2d DCA 1988). But where an insurer asserts that the presuit requirements of section 627.4136 have not been met,

3

certiorari review is appropriate. See id.; Cincinnati Ins. Co. v. Moffett, 513 So. 2d 1345, 1346 (Fla. 1st DCA 1987). We believe that the irreparable harm in such cases arises from the fact that an insurer is being forced to litigate an action brought by a third-party plaintiff which would be barred if, in fact, the requirements of section 627.4136 have not been met.

S. Owners Ins. Co. v. Mathieu, 67 So. 3d 1156, 1157-58 (Fla. 2d DCA 2011).

Accordingly, we grant the petition and remand this matter for the entry of a dismissal order.

Petition GRANTED; Trial Court Order QUASHED in part; Cause REMANDED.

COHEN, C.J. and LAMBERT, J., concur.

4