NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

NELSON P. and BARBARA J. SCHWOB; )
DARRELL L. and MARTHA K. BIRT; )
FRANK E. and LINDA J. BROWN; PAUL )
and SANDRA BROWN; DENNIS M. and )
CAROL J. COSMO; MARILYN C. )
MORSE; STEVEN P. and LAURIE A. )
CUMMINGS; KAROL FLEMING; )
SOLANGE GERVAIS; BERND J. and )
OPAL B. GIERSCHKE; CHARLES H. Sr. )
and CAROL L. LePAGE; JAMES L. and )
REBECCA L. MAY; LORI OFFER; ELVIRA )
PARDO; JAMES A. and JOYCE A. )
PASCO; DAVID L. and KAY J. SMITH; )
JAMES L. and FRANCES E. SMITH; )
JAMES E. and MARGO M. SYMONDS; )
JEANETTE M. TATRO; RICHARD and )
ARLENE TAYLOR; ANTHONY A. )
VARSALONE, JR.; and KATHLEEN R. )
VALK, )
)
          Petitioners, )
)
v. )          Case No. 2D18-4480
)
JAMES C. GOSS; EDWARD HEVERAN; )
MARGARET E. HEVERAN; and PALM )
TREE ACRES MOBILE HOME PARK, )
)
          Respondents. )
_____ )

Opinion filed August 7, 2019.

Petition for Writ of Certiorari to the Circuit
Court for Pasco County; Gregory G.
Groger, Judge.

Richard A. Harrison and Daniela N. Leavitt
of Richard A. Harrison, P.A., Tampa, for
Petitioners.

Jody B. Gabel and J. Allen Bobo of
Lutz, Bobo & Telfair, P.A., Sarasota,
for Respondents.

CASANUEVA, Judge.

The Petitioners own individual lots located in the Palm Tree Acres Mobile Home Park. The Respondents own and operate Palm Tree Acres, and they own and lease most of the remaining lots in the park. Historically, the Respondents have provided water and sewer service and access to recreational amenities to all residents of Palm Tree Acres for an all-inclusive monthly fee. The current litigation began after one of the Petitioners unsuccessfully sought to unbundle this monthly fee and to pay for only the water and sewer service. The Respondents countered that they have no obligation to provide any services to the Petitioners. The issue currently before this court is whether the circuit court erred in granting partial summary judgment in favor of the Respondents after finding that they have a constitutional right to discontinue water and sewer service to the Petitioners. The Petitioners filed this petition for writ of certiorari challenging the circuit court's order. We agree with the Petitioners that the circuit court's order departs from the essential requirements of the law and results in material injury to them for the remainder of the case that cannot be corrected on postjudgment appeal, and we quash the order.

## I. Circuit Court Proceedings

In the Petitioners' third amended complaint, they assert 180 counts, including claims for declaratory relief and injunctive relief which allege that the

Petitioners are in doubt as to their legal and financial obligations to the Respondents and as to the legal rights of the Respondents to demand, charge, and collect payment of monthly fees. The Petitioners allege in the complaint that they purchased their lots in reliance upon the Respondents' representations and commitment to furnish potable water to their lots. They further allege that the Respondents have supplied and continue to supply potable water to the Petitioners by means of a water supply system, pumps, pipes, and connections that are owned and operated by the Respondents and that there is no other public supply of potable water available to the Petitioners.

The Petitioners state that they are willing to pay for such services, but the Respondents have failed and refused to provide them with any detailed accounting of the actual costs of the services and have threatened to terminate the services. The Petitioners asked the circuit court to enter a judgment finding, determining, and declaring the rights and duties of the parties with respect to the potable water supply and the amounts that the Petitioners can be charged for such water supply. They acknowledge that there is no written agreement between the parties with respect to the Petitioners' properties.

The Respondents filed a motion to dismiss the third amended complaint, arguing that the complaint's demand that the circuit court order the Respondents to provide utility services to the Petitioners and set the rates for those utility services is within the exclusive jurisdiction of the Florida Public Service Commission (PSC). The circuit court issued an order granting in part and denying in part the Respondents' motion to dismiss, finding that the determination regarding whether the Respondents

- 3 -

must provide water and sewer service to the Petitioners, and the rate that can be charged for such service, was within the jurisdiction of the PSC.[1]

Thereafter, the Respondents filed their answer, affirmative defenses, and counterclaims. In count one of the counterclaim, the Respondents sought a declaratory judgment that they are entitled to a full bundle of ownership rights that are guaranteed by article I, section 2, of the Florida Constitution. The Respondents filed a motion for partial summary judgment asking the circuit court to grant judgment in their favor on this counterclaim, arguing that only the circuit court has jurisdiction to determine this constitutional claim and that the PSC lacks jurisdiction to do so. The Petitioners filed an answer and affirmative defenses to the counterclaim alleging, among other grounds, that the PSC had exclusive jurisdiction over this issue.

The circuit court agreed with the Respondents' arguments and granted their motion for partial summary judgment. The court reasoned that the Respondents have a constitutional right to discontinue water and sewer service to the Petitioners.[2] The order states:

> Property rights are one the most basic rights protected by both the Florida and United States Constitutions. These rights include the ability to use, and not to use, the property as the owner of the property sees fit. The government may impose regulations on how a property is used, and

---

[1]The court also found that the PSC had jurisdiction to resolve the question of whether the Respondents can claim the "landlord-tenant" exemption under section 367.022(5), Florida Statutes (2014).

[2]Although the circuit court cited article I, section 3, of the Florida Constitution, which involves religious freedom, it intended to cite article I, section 2, which states, "All natural persons, female and male alike, are equal before the law and have inalienable rights, among which are the right to enjoy and defend life and liberty, to pursue happiness, to be rewarded for industry, and to acquire, possess and protect property."

neighboring property owners can seek to enjoin their neighbors from offensive or nuisance use of property. However, the Court is unaware of, and the Plaintiffs have not provided, any authority that the Court can compel a property owner to use its property in a manner solely for the benefit of a neighboring property owner.

## II. Certiorari Standard of Review

This court's standard of review in a certiorari proceeding is limited to determining whether the circuit court's order is: "(1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the trial (3) that cannot be corrected on postjudgment appeal." Kelly v. Philip Morris USA Inc., 69 So. 3d 1078, 1079 (Fla. 2d DCA 2011) (quoting Parkway Bank v. Fort Myers Armature Works, Inc., 658 So. 2d 646, 648 (Fla. 2d DCA 1995)). A petition for writ of certiorari may be filed to challenge a circuit court's ruling in a declaratory action. See Star Ins. Co. v. Dominguez, 141 So. 3d 690, 693 (Fla. 2d DCA 2014) ("The circuit court's order denying [the petitioner's] motion to dismiss the declaratory judgment action brought against it by [the respondent] constitutes a departure from the essential requirements of the law causing irreparable harm to [the petitioner] that cannot be remedied on appeal.").

We conclude that the circuit court's order is a departure from the essential requirements of the law. As the circuit court had recognized in a previous order, the PSC has exclusive jurisdiction over disputes involving utility services, including the termination of such services. Further, the termination of utility services would cause a material injury to the Petitioners that cannot be remedied on appeal of a final judgment.

- 5 -

### III. Jurisdiction of the Florida Public Service Commission

Section 367.011(2), Florida Statutes (2014), states that "[t]he Florida Public Service Commission shall have exclusive jurisdiction over each utility with respect to its authority, service, and rates." "Utility" is defined as "a water or wastewater utility and, except as provided in s. 367.022, includes every person, lessee, trustee, or receiver owning, operating, managing, or controlling a system, or proposing construction of a system, who is providing, or proposes to provide, water or wastewater service to the public for compensation." § 367.021(12); see also Utils., Inc. of Fla. v. Corso, 846 So. 2d 1159, 1161 (Fla. 5th DCA 2003) ("[T]he issue here [is] a dispute between the parties relating to the rates and charges for water and wastewater utility services which dispute is within the exclusive jurisdiction of the PSC.").

The circuit court's ruling that the Respondents have a constitutional right to terminate water and sewer service to the Petitioners is in conflict with section 367.011(2), which gives the PSC exclusive jurisdiction over each utility with respect to the services provided by the utility. See also § 367.165 ("It is the intent of the Legislature that water or wastewater service to the customers of a utility not be interrupted by the abandonment or placement into receivership of the utility.").

Although there do not appear to be any cases specifically on point, in Board of County Commissioners Indian River County v. Graham, 191 So. 3d 890 (Fla. 2016), the Florida Supreme Court addressed the jurisdiction of the PSC in relation to the rights of a property owner. Id. at 895-96. In that case, there was a franchise agreement between the city and the county, which gave the city the exclusive right to use property owned by the county "to construct, maintain, and operate an electric

system in unincorporated areas of the County." Id. at 892 (footnote omitted). The county refused to renew the franchise agreement, and it filed with the PSC a petition for declaratory statement asking for a declaration regarding its rights, responsibilities, and duties when the franchise agreement expired. Id.

In a separate PSC proceeding, the city filed its own petition for declaratory statement, alleging that the county's petition threatened to evict the city from providing service in the city's previously PSC-approved service areas once the franchise agreement expired. Id. at 893. The city asked the PSC to make the following two declarations: 1) the expiration of the franchise agreement has no effect on the city's obligation and right to provide utility service in previously approved territory; and 2) the city is required to continue to provide utility service in such areas without regard to the expiration of the franchise agreement. Id. The PSC ruled in favor of the city. Id.

The county argued on appeal that "the PSC erred in declaring that the City has the right and obligation to continue to serve its PSC-approved territory . . . after its franchise agreement with the County expires." Id. Pertinent to this appeal, the county argued that "the PSC's declaration improperly strips the County of its property rights and grants them to the City, unregulated and in perpetuity." Id. at 893-94. The Florida Supreme Court did not agree with the county's argument and held as follows:

> [W]e reject the County's argument that the PSC's order improperly grants the County's property rights to the City. Were we to hold otherwise, counties could do indirectly through franchise agreements what the PSC's "exclusive and superior" jurisdiction precludes them from doing directly. § 366.04(1), Fla. Stat. ("The jurisdiction conferred upon the commission shall be *exclusive and superior to that of all other* boards, agencies, political subdivisions, municipalities, towns, villages, or *counties*, and, in case of conflict therewith, all lawful acts, orders, rules, and regulations of the

commission shall in each instance prevail.") (emphasis added).

Id. at 896-97.

In the present case, the Respondents argue that the PSC does not have jurisdiction over issues related to the termination of the utility service because any order requiring them to provide service would deprive them of their property rights, and the circuit court has jurisdiction over this constitutional issue. We do not agree with the Respondents that the PSC does not have jurisdiction in this case simply because they own the land that is used to provide the utility service. If the Respondents had never provided utility service to the Petitioners, then they likely could not be forced to use their land to begin providing such service. However, the Respondents have been providing utility service to the Petitioners' homes for decades. As such, the Respondents are a provider of utility service pursuant to section 367.021(12), and the PSC has "exclusive jurisdiction" over them "with respect to [the Respondents'] authority, service, and rates." See § 367.011(2). The Respondents cannot claim that, because they own the land used to provide these services, their constitutional rights related to the ownership of that land divests the PSC of its jurisdiction. If the Respondents' argument were accepted, then a utility provider that owns the property used to provide such services could terminate those services and its actions would be outside the jurisdiction of the PSC; the PSC's jurisdiction over such disputes would be illusory at best. This was clearly not the intent of the legislature when it stated that the PSC has "exclusive jurisdiction over each utility with respect to its . . . service." Id.

Accordingly, we grant the petition for writ of certiorari and quash that portion of the partial summary judgment finding that the Respondents could terminate

- 8 -

water and sewer service to the Petitioners.  This determination is within the exclusive jurisdiction of the PSC.

Petition for writ of certiorari granted.


KHOUZAM, C.J., and ATKINSON, J., Concur.